# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1172

MICHAEL SERI, APPELLANT

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued May 24, 2007                    Decided   August 22, 2007   )

*Kenneth M. Carpenter,* of Topeka, Kansas, with whom *Mark R. Lippman*, of La Jolla, California, was on the brief for the appellant.

*Kenneth A. Walsh,* with whom *Tim S. McClain,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before KASOLD, HAGEL, and MOORMAN, *Judges.*

MOORMAN, *Judge*, filed the opinion of the Court. KASOLD, *Judge*, filed a concurring opinion.

MOORMAN, *Judge*:  The appellant, Michael Seri, appeals an April 19, 2004, Board of Veterans' Appeals (Board) decision that denied basic eligibility for educational benefits pursuant to chapter 30 of title 38, U.S. Code, and denied extending his delimiting date for educational benefits pursuant to chapter 34 of title 38, U.S. Code.  Record (R.) at 1-7.  Mr. Seri raises no argument with the Board's decision on these issues.  Rather, at issue is whether a statement made by the Board regarding a December 1998 VA regional office (RO) decision that awarded service connection for bipolar disorder and assigned a 30% disability rating, is a decision by the Board on an issue over which the Board possessed jurisdiction–the finality of that 1998 RO decision.  In the decision on appeal, the Board commented that the December 1998 RO decision was a full grant of benefits

sought on appeal at that time, and thus determined that the appeal before it was limited to the claims for educational assistance benefits noted above. On May 24, 2007, the parties presented oral argument. As explained in this decision, the Court will modify the decision on appeal to remove from that decision the Board comment on the finality of the December 1998 RO decision. The Court will otherwise dismiss this appeal for lack of jurisdiction.

## I. FACTS AND ARGUMENT

The appellant raises only one assertion of error on appeal: The Board erred in not adjudicating a pending claim for a higher initial disability rating for his service-connected bipolar disorder. Specifically, the appellant asserts that the RO erred in 1998 when it sua sponte withdrew his Substantive Appeal to the Board after awarding service connection but assigning a disability rating less than 100%. This argument stems from the following statement made by the Board in the decision on appeal:

> As a preliminary matter, the record reflects the veteran perfected an appeal to a claim for service connection for a psychiatric disorder. In a December 1998 rating action, the RO granted service connection for bipolar disorder and awarded a 30 percent evaluation. As this action is considered a full grant of the benefit sought on appeal with respect to that issue, the issues remaining on appeal are limited to those on the title page.

R. at 2. The issues listed on the title page of the Board decision are "1. Entitlement to an extension of the delimiting date for educational assistance benefits pursuant to [c]hapter 34, [t]itle 38, United States Code. [and] 2. Basic eligibility for entitlement to educational assistance benefits pursuant to [c]hapter 30, [t]itle 38, United States Code." R. at 1. In the decision on appeal, the Board denied both claims for educational benefits, and the appellant has raised no argument regarding the denial of these benefits. R. at 7.

The Court notes that the Board decision on appeal stems from an August 2000 claim for VA educational benefits, completely separate from and unrelated to the 1998 RO decision which granted service connection for bipolar disorder and awarded a 30% disability rating. The RO denied Mr. Seri's claims for educational benefits in September 2000 because he did not have qualifying service. R. at 71, 102. Throughout his appeal of his educational benefits claims, Mr. Seri did not raise any issue relating to the December 1998 RO decision that awarded service connection for

2

bipolar disorder. Specifically, the only issues raised in his Notice of Disagreement (NOD) were the RO's denial of chapter 30 educational benefits, and the possible entitlement to an extension of his delimiting date for his chapter 34 educational benefits. R. at 98. On December 4, 2002, the RO issued a Statement of the Case (SOC), addressing only his claims for educational benefits. R. at 118-25. On December 16, 2002, Mr. Seri filed his Substantive Appeal, noting that he desired only to appeal the issues listed on his SOC; those issues pertained only to his educational benefits. R. at 127. Finally, in testifying before a member of the Board, Mr. Seri confirmed that "the two issues actually on appeal . . . or in appellate status are eligibility for extension of . . . [c]hapter 34 delimiting date for educational benefits as well as eligibility for [c]hapter 30 benefits under the Montgomery GI bill." R. at 135. At no time during his hearing did Mr. Seri address the finality of the 1998 RO decision. Rather, it is clear from the record that the appellant expressly limited his appeal to the educational benefits that the Board denied in the decision on appeal.

## II. ANALYSIS

Pursuant to 38 U.S.C. § 7252, the Court's jurisdiction is limited to "review of decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a). Our jurisdiction is "premised on and defined by the Board's decision concerning the matter being appealed." *See Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998). The United States Court of Appeals for the Federal Circuit, in *Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000), clarified the holding in *Ledford*, explaining that a claimant "must first present a request for a benefit to the Board, then receive a decision on that request, in order to vest jurisdiction in the [U.S. Court of Appeals for Veterans Claims] to consider the veteran's request and arguments in support thereof." Furthermore, in order to be considered a final decision of the Board on a particular issue appealed, the Board decision shall include "an order granting appropriate relief or denying relief." 38 U.S.C. § 7104(d)(2); *see Maggitt,* 202 F.3d at 1376 (construing a "decision of the Board" to mean " a decision with respect to the benefit sought by the veteran: those benefits are either granted . . . or they are denied"); *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1365 (Fed. Cir. 2005) (noting that "'when the Board has not rendered a decision on a particular issue, the court has no jurisdiction to consider it under section 7252(a)'" (quoting *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000))); *Rudd v. Nicholson*, 20 Vet.App. 296, 300 (2006) (dismissing appeal for lack of jurisdiction where no proper claim had been raised to the Board). Thus, absent

3

a final Board decision on an issue over which the Board itself has jurisdiction (or absent Board error in refusing to address an appeal presented to it, *Mintz v. Brown*, 6 Vet.App. 277, 281 (1994); *see Fenderson v. West*, 12 Vet.App. 119, 132 (1999), or in referring, rather than remanding, a claim to the RO, *see Manlincon v. West*, 12 Vet.App. 238, 240-41 (1999)), the Court is precluded from exercising its jurisdiction over the matter.

In its decision, the Board included a statement unrelated to the claims for educational benefits that had been appealed to the Board. The Board stated:

> As a preliminary matter, the record reflects the veteran perfected an appeal to a claim for service connection for a psychiatric disorder. In a December 1998 rating action, the RO granted service connection for bipolar disorder and awarded a 30 percent evaluation. As this action is considered a full grant of the benefit sought on appeal with respect to that issue, the issues remaining on appeal are limited to those on the title page.

R. at 2. The Board decision on appeal stems from an August 2000 claim for VA educational benefits, completely separate from and unrelated to the 1998 RO decision which granted service connection for bipolar disorder and awarded a 30% disability rating. The RO denied Mr. Seri's claims for educational benefits in September 2000 because he did not have qualifying service. R. at 71, 102. Throughout his appeal of his educational benefits claims, Mr. Seri did not raise any issue relating to the December 1998 RO decision that awarded service connection for bipolar disorder. Specifically, the only issues raised in his NOD were the RO's denial of chapter 30 educational benefits, and possible entitlement to an extension of his delimiting date for his chapter 34 educational benefits. R. at 98. On December 4, 2002, the RO issued an SOC, addressing only his claims for educational benefits. R. at 118-25. On December 16, 2002, Mr. Seri filed his Substantive Appeal, noting that he desired only to appeal the issues listed on his SOC; those issues pertained only to his educational benefits. R. at 127. Finally, in testifying before a member of the Board, Mr. Seri confirmed that "the two issues actually on appeal . . . or in appellate status are eligibility for extension of . . . [c]hapter 34 delimiting date for educational benefits as well as eligibility for [c]hapter 30 benefits under the Montgomery GI bill." R. at 135. At no time during his hearing did Mr. Seri address the finality of the 1998 RO decision. Thus, the Board's statement cannot be considered a "decision" on the issue because the record before the Board in this appeal did not raise this issue (or any issue regarding Mr. Seri's service-connected psychiatric disability) to the RO or

the Board in his appeal of his educational benefits.

It is clear from the record that the appellant expressly raised on appeal to the Board issues pertaining only to the claim for educational benefits that the Board then denied in the decision on appeal. Issues pertaining to the claim stream concerning VA benefits for a psychiatric disorder that resulted in the December 1998 RO decision awarding service connection for bipolar disorder, including the finality of that decision itself, were simply not before the Board. *See Jarrell v. Nicholson*, 20 Vet.App. 326, 331 (2006). In *Jarrell*, the Court held, over the dissent of one judge, subject to limited exceptions not relevant in Mr. Seri's case, that the Board is vested with jurisdiction over a matter if a regional office has rendered a decision on the matter and the matter is then "properly appealed to the Board." *Id*. Because the appeal before the Board in April 2004, when it rendered the decision on appeal, did not concern the psychiatric disability claim, it was unnecessary for the Board to discuss the finality of the December 1998 RO decision. The Board is "an appellate tribunal" that should not be addressing matters not on appeal. *Id*. In the end, the finality of the December 1998 RO decision question should not be addressed by the Court when that issue was not properly before the Board.

In any event, in order to eliminate the possibility of any preclusive effect of the Board's discussion of an issue beyond its jurisdiction, the Court modifies the Board decision on appeal to remove the paragraph in which the Board commented on the finality of the 1998 RO decision. *See DiCarlo v. Nicholson*, 20 Vet.App. 52, 57 (2006) (setting aside Board determination that was made outside of the Board's proper review procedures for addressing the finality of a prior decision); *see also Ford v. Gober,* 10 Vet.App. 531, 535-36 (1997); *Degmetich v. Brown*, 8 Vet.App. 208, 209 (1995), *aff'd* 104 F.3d 1328 (Fed. Cir. 1997). This action is consistent with the Secretary's concession that the portion of the Board decision that we now order modified has "no res judicata or collateral estoppel effect." Secretary's Second Memorandum of Law at 11.

Mr. Seri is not without recourse. As this Court held in *DiCarlo*, if the appellant desires a decision on an alleged pending claim before VA, the appropriate course of action is to request that VA render such a decision, and once VA renders that decision, pursue his appellate rights by filing an appeal to the Board. Once a decision on that claim has been rendered by the Board, the appellant may seek review of that decision by the Court, properly subjecting it to the Court's jurisdiction. 38 U.S.C. § 7252(a); *DiCarlo*, 20 Vet.App. at 57-58.

Furthermore, the Court cannot construe the Board's isolated statement regarding the finality of the December 1998 RO decision, which was unconnected with the claim on appeal, to be a "decision" regarding the 1998 RO decision because of the context in which it was made. The Board's statement is located in the "Introduction" section of the Board's decision and, as the Secretary concedes, is merely an attempt to clarify that the issues properly on appeal consisted of (1) the extension of Mr. Seri's delimiting date for chapter 34 educational benefits; and (2) eligibility for chapter 30 benefits under the Montgomery GI bill. *See* R. at 1 (noting the issues listed on the title page of the Board decision as "1. Entitlement to an extension of the delimiting date for educational assistance benefits pursuant to [c]hapter 34, [t]itle 38, United States Code. [and] 2. Basic eligibility for entitlement to educational assistance benefits pursuant to [c]hapter 30, [t]itle 38, United States Code"); Secretary's Second Memorandum of Law at 11 ("Appellant is not adversely affected by the Board's accurate historical notation, which was provided for informational purposes only.").

In addition, the Board's decision lacks any "order granting appropriate relief or denying relief" on the issue of the disability rating or the effective date for the appellant's service-connected bipolar disorder. The Board's summary clarification of the issues before the Board cannot be characterized as an exercise of jurisdiction over an issue not asserted as being on appeal to the Board. Accordingly, the Board's statement regarding an issue on a claim that is not on appeal to the Board and not otherwise supported by a clear exercise of the Board's jurisdiction cannot be considered a final decision by the Board subject to review by this Court. *See* 38 U.S.C. § 7252 (a); *Kirkpatrick, Maggitt,* and *Ledford*, all *supra*.

### III. CONCLUSION

The April 19, 2004, Board decision is MODIFIED to remove the Board comment on the finality of the December 1998 RO decision. Because Mr. Seri has abandoned any appeal as to the educational-benefits claims actually decided by the Board in the decision on appeal, this appeal is DISMISSED.

KASOLD, *Judge*, concurring: Mr. Seri acknowledges in his initial briefing that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has held that an NOD as to an RO decision denying only service connection did not place into administrative appellate status the downstream

elements of disability rating and effective date because these elements of a claim had not yet been initially adjudicated. *See Grantham v. Brown*, 114 F.3d 1156 (Fed. Cir. 1997); *Barrera v. Gober*, 122 F.3d 1030 (Fed. Cir. 1997); *see also Collaro v. West*, 136 F.3d 1304, 1308 (Fed. Cir. 1998) (claim for disability compensation benefits has five elements: (1) veteran status, (2) existence of a disability, (3) a connection between the veteran's service and the disability, (4) degree of disability, and (5) effective date of the disability). He recognizes that this Court is bound by these decisions, *see Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992) (holding that this Court is bound by Federal Circuit precedent), but states that he intends to seek en banc review by the Federal Circuit (although he presents no argument or explanation for why the Federal Circuit erred).

At oral argument, it was noted that the Federal Circuit rendered its decisions on this issue when an NOD filed after November 18, 1988, was a predicate to the exercise of our jurisdiction. *See* Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988); *Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990). It was further noted that this is no longer the case. *See* Pub. L. No. 107-103, § 603(a), 115 Stat. 976, 999 (2001) (repealing Pub. L. No. 100-687, § 402); *Kelly v. Nicholson*, 463 F.3d 1349, 1352 (Fed. Cir. 2006) (filing of NOD on or after November 18, 1988, is no longer a prerequisite to the Court's exercise of its jurisdiction). Mr. Seri argued that *Grantham* and *Barrera* were no longer applicable because of the change in law eliminating the requirement for a post-November 18, 1988, NOD as a predicate for the exercise of our jurisdiction. I find no merit in either the bald assertion that the Federal Circuit wrongly decided these cases, or in the argument that the change in law with regard to the NOD as a predicate to our jurisdiction warrants our distinguishing the decisions of the Federal Circuit such that they do not apply in this case.

Although *Grantham* and *Barrera* were rendered at a point in time when an NOD was a jurisdictional predicate for this Court, the holdings in those cases – that an NOD placed into administrative appellate status only those elements of a claim decided by the agency of original jurisdiction – do not rest on the fact that a pre-1988 NOD was necessary to invoking our jurisdiction. Rather, they rest on an interpretation of 38 U.S.C. § 7105 that an NOD is an expression of disagreement with the initial adjudicative decision and on the recognition that a claim for service-connected disability compensation benefits has five elements and that all elements may not be

resolved in an initial decision.[1] Specifically, the Federal Circuit stated that it "is clear that an agency of original jurisdiction's (AOJ's) first decision regarding a claim for benefits might not resolve, or even address, all necessary elements of the application for benefits," and further stated that it is "only the second NOD that could, and did, initiate appellate review" as to any element of the claim that had not been placed into appellate status by the first NOD. *Grantham*, 114 F.3d at 1158; *see also* 38 U.S.C. § 7105(a)-(c); *Barrera*, 122 F.3d at 1034-40 (Plager, J., concurring) (explaining and distinguishing *Hamilton*, which involved an NOD that placed the element of service connection into appellate status that remained in appellate status until finally adjudicated by the Board); *Grantham*, 114 F.3d at 1159-61 (Archer, J., concurring) (explaining and distinguishing *Hamilton*).

In this instance, Mr. Seri filed an NOD with the initial 1995 decision of the RO that denied his claim because his disability was not service connected. The 1995 RO decision made no determination with regard to a disability rating or an effective date, and these elements of the claim were not placed into administrative appeal to the Board. When, on remand from the Board, the 1998 RO decision awarded service connection, this constituted an award of full benefits with regard to the element of Mr. Seri's claim that he had previously placed into appellate status. *See Holland v. Gober*, 10 Vet.App. 433, 436 (1997) (applying *Barrera* and *Grantham*, and holding that an award of service connection was "a full award of benefits on the appeal" initiated by an appeal of an RO decision that denied service connection). Thus, Mr. Seri's contention that his NOD with the 1995 RO decision placed his entire claim in administrative appeal status and it remained there until the 2004 Board finally addressed it is without merit.

Under the circumstances of this case – where the 1998 RO decision was final, Mr. Seri did not argue below for additional benefits related to his psychiatric disorder claim, the entire proceedings before the Board addressed only the claim for educational benefits, Mr. Seri acknowledged below that claims for these benefits were the only claims being adjudicated by the Board, and the Board provided only one statement at the outset of its opinion noting that the psychiatric disorder claim was no longer on appeal – the Board's statement regarding the psychiatric

---

[1] Although these decisions interpret section 7105 in light of the provisions of Pub. L. No. 100-687, § 402, the substantive holding of these cases is that only one NOD may be filed as to any given issue in a claim. *See Barrera*, 122 F.3d at 1038 (Plager, J., concurring). The premises upon which *Barrera*, *Grantham*, and *Hamilton* rely are left unaffected by the repeal of § 402.

disorder claim is viewed properly as simply a comment on the status of the claim and not a separate decision on the claim bringing new life to what has been final since 1998. Inasmuch as the psychiatric claim became final in 1998 and was not otherwise before the 2004 Board for appellate adjudication (e.g., the record contains no request for revision under 38 U.S.C. § 5109A or claim to reopen under 38 U.S.C. § 5108),[2] it is not now properly before the Court. *Compare Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1365 (Fed. Cir. 2005) ("'when the Board has not rendered a decision on a particular issue, the court has no jurisdiction to consider it under section 7252(a)'" (quoting *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000))), and *Rudd v. Nicholson*, 20 Vet.App. 296, 300 (2006) (dismissing appeal for lack of jurisdiction where no proper claim had been raised to the Board), *with Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir.1998) (Court has jurisdiction over claims explicitly addressed by Board in a final decision, referenced in an NOD, or otherwise reasonably raised).

---

[2] The Board has original jurisdiction under 38 U.S.C. § 7103(c) to review and correct the record for obvious error; however, the Board's statement with regard to the psychiatric disorder claim contained no correction of obvious error, thus demonstrating that it was not exercising its original jurisdiction to correct obvious error. *See Jarrell v. Nicholson*, 20 Vet.App. 326, 331 n.4 (2006) (en banc) (Board has original jurisdiction to correct obvious error pursuant to 38 U.S.C. § 7103(c)).