﻿Citation Nr: 18104733
Decision Date: 05/23/18 Archive Date: 05/22/18

DOCKET NO. 14-24 484
DATE: May 23, 2018
ORDER
The appeal as to the claim of service connection for right ear hearing loss is moot, and the claim is dismissed for lack of jurisdiction.
The appeal as to the claim of service connection for tinnitus is moot, and the claim is dismissed for lack of jurisdiction.
REMANDED
Entitlement to service connection for hearing loss of the left ear is remanded.
FINDINGS OF FACT
1. The Veteran’s claim of service connection for right ear hearing loss was granted in a rating decision issued by the Agency of Original Jurisdiction (AOJ) in December 2015, with an effective date of October 19, 2011.
2. The Veteran’s claim of service connection for tinnitus was granted in a rating decision issued by the AOJ in December 2015, with an effective date of October 19, 2011.
CONCLUSIONS OF LAW
1. The Board lacks jurisdiction over the claim of service connection for right ear hearing loss, because that claim has been granted and rendered moot. 38 U.S.C. §§ 7104(a), 7105(d)(5) (2012); 38 C.F.R. §§ 19.7, 20.101, 20.200, 20.202 (2017).
2. The Board lacks jurisdiction over the claim of service connection for tinnitus, because that claim has been granted and rendered moot. 38 U.S.C. §§ 7104(a), 7105(d)(5) (2012); 38 C.F.R. §§ 19.7, 20.101, 20.200, 20.202 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had honorable active duty service with the United States Air Force from June 2008 to December 2008 and from January 2011 to October 2011. The Veteran is a Gulf War Era Veteran. 
This matter is before the Board of Veterans’ Appeals (Board) on appeal from a September 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.
In a December 2015 rating decision, the RO granted service connection for right ear hearing loss, with a noncompensable rating, effective October 19, 2011. In the same rating decision, the RO granted service connection for tinnitus, with a 10 percent disability rating, effective October 19, 2011. 
The Board has reviewed the electronic records maintained in the Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.
The issue of entitlement to service connection for left ear hearing loss, as on appeal, is REMANDED to the AOJ. VA will notify the Veteran if further action is required.
VA has a duty to notify and assist the Veteran in substantiating a claim for VA benefits. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (a) (2017).
The Veteran has not raised any issues with the duty to notify or duty to assist regarding the issue still on appeal. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board.”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).
Dismissal as Moot
1. Dismissal for Claim for Service Connection for Right Ear Hearing Loss
In this case, the Veteran’s claim of service connection for right ear hearing loss was granted in a rating decision issued by the AOJ in December 2015. As a general matter, the grant of a claim of service connection constitutes an award of full benefits sought on an appeal of the denial of a service connection claim. Seri v. Nicholson, 21 Vet. App. 441, 447 (2007); see also Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997) (where an appealed claim for service connection is granted during the pendency of the appeal, a second Notice of Disagreement must thereafter be timely filed to initiate appellate review of “downstream” issues such as the compensation level assigned for the disability or the effective date of service connection). 
The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105 (2012); 38 C.F.R. § 20.202 (2017). Here, as a result of the AOJ’s action, there no longer remains a case or controversy with respect to this claim. Therefore, the Board lacks jurisdiction over this issue because it has been granted and rendered moot on appeal. 38 U.S.C. §§ 7104, 7105 (2012); 38 C.F.R. §§ 19.7, 20.101, 20.200, 20.202 (2017). Therefore, dismissal of this claim is warranted.
2. Dismissal for Claim for Service Connection for Tinnitus
In this case, the Veteran’s claim of service connection for tinnitus was granted in a rating decision issued by the AOJ in December 2015. As a general matter, the grant of a claim of service connection constitutes an award of full benefits sought on an appeal of the denial of a service connection claim. Seri, 21 Vet. App. at 447; see also Grantham, 114 F.3d at 1156. 
The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105 (2012); 38 C.F.R. § 20.202 (2017). Here, as a result of the AOJ’s action, there no longer remains a case or controversy with respect to this claim. Therefore, the Board lacks jurisdiction over this issue because it has been granted and rendered moot on appeal. 38 U.S.C. §§ 7104, 7105 (2012); 38 C.F.R. §§ 19.7, 20.101, 20.200, 20.202 (2017). Therefore, dismissal of this claim is warranted.
REMANDED ISSUE
1. Entitlement to service connection for hearing loss of the left ear is remanded.
The Board now turns its attention to the Veteran’s claim for service connection for left ear hearing loss. Although the Board sincerely regrets any delay that this may cause, further development is required prior to adjudicating this claim.
VA’s duty to assist includes providing a thorough and contemporaneous medical examination, especially where it is necessary to determine the current level of severity of a disability. Peters v. Brown, 6 Vet. App. 540, 542 (1994). 
The Veteran was denied service connection for hearing loss in the left ear because he did not meet the requirements for a hearing loss disability pursuant to 38 C.F.R. § 3.385. See Rating Decision, dated September 2012.
The Board notes that the Veteran was last afforded a VA examination to assess the severity of his left ear hearing loss, with appropriate diagnostic testing, in May 2012. Since that examination, the record reflects that the Veteran’s hearing loss may have increased in severity. Specifically, the Veteran reported to a VA audiologist that he failed a hearing evaluation to become a firefighter. See VA Treatment Records, dated May 2013. The Board notes that a new examination is appropriate when there is an assertion of an increase in severity since the last examination. Therefore, the Veteran should be afforded another examination on remand. See 38 C.F.R. § 3.159 (2016); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); Palczewski v. Nicholson, 21 Vet. App. 174, 181 (2007); Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); VAOPGCPREC 11-95 (1995).
The Board notes that the Veteran received a VA examination for ear conditions in October 2015. However, there is no evidence that the Veteran’s hearing was assessed in light of audiogram testing, nor speech discrimination testing, on this examination. As such, the Board finds that a new VA examination is required.
The matter is REMANDED for the following action:
1. Appropriate efforts should be made to obtain and associate with this case file any outstanding VA medical records and outstanding private treatment records, with all necessary assistance from the Veteran.
All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and his representative.
2. Schedule the Veteran for a VA examination to ascertain the current severity and manifestations of his claimed left ear hearing loss disability. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed, including the Maryland CNC test and a puretone audiometry test. The examiner is requested to review all pertinent records associated with the claims file.
The examiner must comment on the severity of the Veteran’s left ear hearing loss disability. He or she should discuss the effect of the disability on his occupational functioning and daily activities. 
The examiner must also provide an opinion as to the etiology of any left ear hearing loss. Specifically, the examiner should opine as to whether it at least as likely as not (50 percent probability or greater) that any current left ear hearing loss is causally or etiologically related to the Veteran’s military service, including but not limited to the asserted noise exposure therein (i.e., did the Veteran’s in-service noise exposure cause the Veteran to have hearing loss in his right ear). It is pointed out that the VA has found that service connection for both hearing loss of the right ear and tinnitus has been established by the evidence of record.
It should be noted that the Veteran is competent to attest to observable symptomatology. The examiner’s attention is invited to the Veteran’s statements concerning the onset of his claimed disability. The examiner is reminded that a medical opinion based solely on the absence of documentation in the record or that does not take into account the Veteran’s reports of symptoms and history is inadequate. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.
If the examiner feels that the requested opinions cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e., no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e., additional facts are required, or the examiner does not have the needed knowledge or training. Jones v. Shinseki, 23 Vet. App. 382 (2020). 
The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.
3. Thereafter, readjudicate the issue on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a Supplemental Statement of the Case which addresses all evidence associated with the claims file since the last Statement of the Case. The Veteran and his representative should be afforded the applicable time period in which to respond.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans’ Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).

 
B. MULLINS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD R. E. Trotter, Associate Counsel