﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190710-11709
DATE: May 29, 2020

ORDER

Entitlement to service connection for a sarcoma of the right upper back is dismissed.

Entitlement to a temporary total rating for convalescence following treatment for the sarcoma of the right upper back, later characterized as a lipoma on the back of the neck, is denied.

FINDINGS OF FACT

1. Service connection for a sarcoma of the right upper back, later characterized as a lipoma on the back of the neck, was granted in a November 2019 rating decision during the pendency of this appeal, with an effective date of February 15, 2019.

2. The sarcoma of the right upper back, later characterized as a lipoma on the back of the neck, was excised on January 31, 2014, prior to the effective date of the grant of service connection for this disability and well beyond when the Veteran convalesced for that procedure.

 

CONCLUSIONS OF LAW

1. The Board lacks jurisdiction over the claim of entitlement to service connection for a sarcoma of the right upper back, later characterized as a lipoma on the back of the neck, because this claim has been granted and consequently rendered moot. 38 U.S.C. §§ 7104(a), 7105(d)(5) (2012); 38 C.F.R. §§ 20.101, 20.200, 20.202 (2019).

2. The criteria are not met for a temporary total convalescent rating owing to excision of the sarcoma of the right upper back, later characterized as a lipoma on the back of the neck, on January 31, 2014. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. § 4.30 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had honorable active duty service in the United States Navy from June 1998 to June 2012. He is a Persian Gulf War Era Veteran.

This appeal to the Board of Veterans’ Appeals (Board) is from a May 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In his July 2019 Notice of Disagreement (NOD) with that decision, on VA Form 10182, the Veteran selected “direct review” of the evidence the RO had considered when deciding his claims. Additional evidence since has been associated with the file. See VA Examination, dated February 2020; VA Treatment Records, associated January 2020. But since he selected the “direct review” option, the Board may not consider this additional evidence. 38 C.F.R. § 20.300. He may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on his claim (the one not being dismissed since that one already has been granted), considering the new evidence in addition to the evidence previously considered. Id.

 

Also on his July 2019 VA Form 10182 (NOD), the Veteran indicated he was additionally appealing his claims for service connection for a neck disability, right shoulder disability, and right foot disability. These other claims, however, were the subject of a prior June 2018 rating decision. To be considered a timely appeal, a NOD must be filed within one year from the date that the RO, i.e., Agency of Original Jurisdiction (AOJ), mails the Veteran notice of the decision, which, in this case as mentioned was in June 2018. 38 C.F.R. §§ 19.52(a), 20.201, 20.203(b). He therefore had until June 2019 to file a NOD in response to that decision concerning these other claims, and he did not meet that deadline since his NOD was not instead received until July 2019.

Moreover, these other claims were decided prior to implementation of the Appeals Modernization Act (AMA) on February 19, 2019, and, as such, were adjudicated in the prior “legacy” system; thus, a VA Form 10182 is not the appropriate form to appeal the decision on the other claims. 38 C.F.R. § 19.2(a). As the Veteran did not file a timely NOD in response to the denial of these other claims, and since the rating decision denying them was under the legacy system, not the AMA, the Board has no jurisdiction to adjudicate these other claims, and they will not be further discussed. 20.101, 20.200, 20.202. 

The Veteran has not raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board.”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

1. Entitlement to service connection for a sarcoma of the right upper back, later characterized as a lipoma on the back of the neck 

This claim already has been granted in a November 2019 rating decision during the pendency of this appeal. Consequently, there is no remaining case or controversy as concerning whether service connection is warranted for this disability; the RO already has conceded that it is. Seri v. Nicholson, 21 Vet. App. 441, 447 (2007).

If the Veteran disagrees with the rating and/or effective date assigned for this now service-connected disability, he must separately appeal these “downstream” issues. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997).

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105; 38 C.F.R. § 20.202. This claim has become moot by virtue of the RO granting it during the pendency of this appeal. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 20.101, 20.200, 20.202. Therefore, summary dismissal of this claim is warranted.

2. Entitlement to a temporary total rating for convalescence following treatment, namely, excision of the lipoma from the right upper back

Temporary total disability ratings are to be assigned under 38 C.F.R. § 4.30 when it is established by report at hospital discharge or outpatient release that treatment of a service-connected disability resulted in surgery necessitating at least one month of convalescence; surgery with severe post-operative residuals such as incompletely healed surgical wounds, stumps of recent amputations, therapeutic immobilization of one major joint or more, application of a body cast, or the necessity for house confinement, or the necessity for continued use of a wheelchair or crutches; or immobilization by cast, without surgery, of one major joint or more.

A temporary total rating for convalescence will be assigned under 38 C.F.R. § 4.30 from the date of hospital admission and continue for one, two, or three, months from the first day of the month following hospital discharge. An extension of one, two, or three months beyond the initial three months may be granted based on the factors enumerated above, and extensions of one or more months up to six months beyond the initial six-month period may be made, upon approval of the Veterans Service Center Manager. Id. 

 

The Veteran underwent surgery for excision of his neck/right upper back lipoma in January 2014 at a VA medical center (VAMC). The evidence in the file does not specify whether he required hospitalization following completion of that procedure. What is known, however, is that the drain was removed by VA treatment providers in February 2014, one week after the excision; the incision was observed to be clean and intact with less than 20 milliliters of drainage in 24 hours. The Veteran did not appear for follow-up appointments scheduled in March 2014 and September 2014.

The evidence in the file also does not mention any other operative intervention for treatment of the Veteran’s neck/right upper back lipoma.

As already explained, temporary total disability ratings are to be assigned under 38 C.F.R. § 4.30, in relevant part, for convalescence (recovery) required due to treatment of a service-connected disability. The Veteran was not granted service connection for his neck/right upper back lipoma until effectively on February 15, 2019. See Rating Decision, dated November 2019. So, at the time of the January 2014 excision of this lipoma, it was not a service-connected disability. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. This is fatal to the claim since § 4.30 requires the convalescence concern a service-connected disability, not instead one that at the time in question had yet to achieve this threshold status. 

As the Veteran’s neck/upper back lipoma was not a service-connected disability at the time of the January 2014 excision, and there is no probative evidence of a treatment requiring convalescence since the February 15, 2019, award of service connection for this lipoma, his claim of entitlement to temporary total convalescent rating under the provisions of § 4.30 must be denied as a matter of law.

 

In deciding a claim for VA benefits, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, meaning about evenly balanced for versus against the claim, with the claimant prevailing in either event, or whether instead a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 

The Board is grateful for the Veteran's honorable service. However, given the record before it, the Board finds that evidence in this case does not reach the level of equipoise. See 38 U.S.C. § 5107(a) ("[A] claimant has the responsibility to present and support a claim for benefits . . . ."); Fagan v. Shinseki, 573 F.3d 1282, 1286 (Fed. Cir. 2009) (stating that the claimant has the burden to "present and support a claim for benefits" and noting that the benefit of the doubt standard in section 5107(b) is not applicable based on pure speculation or remote possibility); Skoczen v. Shinseki, 564 F.3d 1319, 1323-29 (Fed. Cir. 2009) (interpreting section 5107(a) to obligate a claimant to provide an evidentiary basis for his or her benefits claim, consistent with VA's duty to assist, and recognizing that "[w]hether submitted by the claimant or VA . . . the evidence must rise to the requisite level set forth in section 5107(b)," requiring an approximate balance of positive and negative evidence regarding any issue material to the determination).

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. E. Trotter, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.