http://www.va.gov/vetapp16/Files4/1630487.txt

Citation Nr: 1630487 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 10-42 060 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUE

Whether the September 1982 rating decision, which denied entitlement to service connection for posttraumatic stress disorder (PTSD) and atypical anxiety disorder, should be revised or reversed on the grounds of clear and unmistakable error (CUE).

REPRESENTATION

Veteran represented by: Daniel G. Krasnegor, Attorney

WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse

ATTORNEY FOR THE BOARD

L. Pelican, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the Army from April 1966 to March 1969, with service in the Republic of Vietnam from June 1968 to March 1969.

This matter comes before the Board of Veterans' Appeals (Board) by way of a September 2010 rating decision, which granted the Veteran's claim of entitlement to service connection for PTSD with an effective date of August 28, 2009. The Veteran filed a timely appeal with regard to the effective date assigned.

The Veteran had a hearing before the undersigned Veterans' Law Judge in March 2014. A transcript of that proceeding has been associated with the claims file.

A May 2014 Board decision remanded the Veteran's earlier effective date claim, as the Veteran had raised a CUE motion regarding the September 1982 denial of his claim for PTSD. The Board concluded that the earlier effective date claim was inextricably intertwined with the Veteran's CUE motion, and that a decision could not be rendered on the earlier effective date claim until the CUE motion had been adjudicated by the RO. In a February 2015 Supplemental Statement of the Case, the RO adjudicated the Veteran's CUE motion and claim for an earlier effective date, denying both matters. 

In a May 2015 decision the Board denied the Veteran's CUE motion and claim for an earlier effective date. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (the Court). In a February 2016 Order, the Court vacated the May 2015 Board decision to the extent it denied the Veteran's assertion of CUE in the September 1982 rating decision and remanded the matter for further proceedings. The Court's Order, and the February 2016 Joint Motion for Partial Remand (JMPR) upon which the Order was based, left undisturbed the Board's denial of an earlier effective date for the grant of service connection for PTSD.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this case should take into account the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The February 2016 JMPR determined that the Board failed to consider all of the Veteran's specific allegations of CUE in the September 1982 rating decision. Specifically, the JMPR observed that the Board only considered the Veteran's allegation that CUE was committed in not granting the claim for PTSD, despite the Veteran's subsequent theory of CUE, which was raised in April 2015. The later CUE theory asserted that the Veteran should have been granted entitlement to service connection for atypical anxiety disorder in September 1982. See JMPR, pp. 2-3.

The JMPR directed that remand was necessary for the Board to fully address the Veteran's allegation that the September 1982 rating decision should be revised on the basis of CUE because the RO did not grant entitlement to service connection for atypical anxiety disorder. 

Upon review of the February 2015 Supplemental Statement of the Case that adjudicated the Veteran's CUE motion, it is apparent that the RO did not adjudicate the Veteran's unaddressed theory of CUE as the document contains no reference to atypical anxiety disorder or the motion asserting CUE on that basis. Indeed, the RO could not have considered the Veteran's later theory, as it was raised in an April 14, 2015 submission. 

The Court has held that each new theory of CUE is a separate and distinct matter, and the Board lacks jurisdiction over any theory of CUE that has not been adjudicated by the RO in the first instance. Andre v. Principi, 301 F.3d 1354, 1361 (Fed. Cir. 2002); Jarrell v. Nicholson, 20 Vet. App. 326, 332-33 (2006).

Moreover, following the February 2016 JMPR, the Veteran's representative submitted additional argument regarding this unaddressed theory of CUE pertaining to the denial of service connection for atypical anxiety disorder. See July 6, 2016 Appellate Brief. 

Accordingly, to afford the Veteran due process and comply with Court's precedent, the Veteran's motion asserting CUE in the September 1982 rating decision, for denying entitlement to service connection for atypical anxiety disorder, must be remanded for adjudication in the first instance. 

Accordingly, the case is REMANDED for the following action:

Adjudicate the issue of whether the September 1982 rating decision, which denied entitlement to service connection for PTSD and atypical anxiety disorder, should be revised or reversed on the grounds of CUE. If the benefit sought is not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).