On Appeal from the Board of Veterans’ Appeals.
KASOLD, Judge:
Veteran Denise Jarrell appeals through counsel a January 3, 2003, Board of Veterans’ Appeals (Board) decision that, inter alia, concluded that there was no clear and unmistakable error (CUE) in a January 1956 VA regional office (RO) decision that denied disability compensation for a psychiatric disorder. For the reasons set forth below, the January 2003 decision of the Board will be set aside in part and the appeal dismissed.[1]
I. BACKGROUND
Ms. Jarrell served in the U.S. Navy from August 1952 to March 1954. Her *328 service medical records disclose no evidence of a psychiatric disorder upon her entry into or separation from service. She was, however, treated for anxiety during service on three occasions. In August 1955, Ms. Jarrell filed a claim for disability compensation benefits for a “nervous condition.” Record (R.) at 72-75. In January 1956, the RO denied disability compensation for “psychosis, undifferentiated, in complete remission” because Ms. Jarrell’s “nervous condition was not incurred in or aggravated by service.” R. at 112-14. Ms. Jarrell did not appeal that decision.
In June 1997, Ms. Jarrell filed through counsel a request for revision of the January 1956 RO decision on the basis of CUE.[2] In November 1997, she submitted further argument in support of her request, wherein she specifically argued that the RO had not followed controlling regulations regarding service connection for diseases noted in service or within the presumptive period thereafter and cited to Savage v. Gober, 10 Vet.App. 488 (1997), and 38 C.F.R. §§ 3.303, 3.307(c) (1955). In February 1999, the RO denied the request. On June 14, 1999, Ms. Jarrell filed a Notice of Disagreement (NOD) with the February 1999 RO decision. In July 2000, Ms. Jarrell filed through the same counsel her Substantive Appeal to the Board; therein, in addition to the theory of CUE presented to the RO, Ms. Jarrell raised for the first time that the 1956 RO committed CUE by failing to consider the presumption of sound condition upon entry into service under 38 C.F.R. § 3.63 (1955). The Board acknowledged that Ms. Jarrell raised this new theory of CUE in her Substantive Appeal; in 2003 the Board adjudicated and rejected both theories.
On appeal to the Court, Ms. Jarrell argues solely that the Board erred in its adjudication of her request for revision under the theory that the 1956 RO failed to consider the presumption of sound condition under § 3.63 — the theory of CUE first presented in her Substantive Appeal. She initially sought reversal and argued, inter alia, that the 2003 Board misinterpreted the presumption-of-soundness requirements under § 3.63. Appellant’s Brief (Br.) at 1-11. In her reply brief, however, Ms. Jarrell modifies her request so as to seek remand instead of reversal and presents a new argument that the Board is required to “readjudicate the appellant’s claim of CUE” under the standards set forth in Moody v. Principi, 360 F.3d 1306 (Fed.Cir.2004), Szemraj v. Principi, 357 F.3d 1370 (Fed.Cir.2004), and Roberson v. Principi, 251 F.3d 1378 (Fed.Cir.2001).
On April 15, 2005, the Court ordered supplemental briefing to address jurisdiction. Both parties argue that the Board may adjudicate a request for revision of an RO decision based on a CUE theory not previously presented to an RO if the claimant waives initial adjudication by the RO. This position was echoed by the parties at oral argument, during which Ms. Jarrell expressly asserted her knowing and voluntary waiver of RO consideration.
II. ANALYSIS
A. Revision of Decisions Based on CUE
Prior to November 21, 1997, there was no statutory authority allowing a final RO *329 decision to be collaterally attacked on the basis of CUE. Since at least 1928, however, VA regulations provided for the revision of decisions that were the product of “clear and unmistakable error.” See Veterans Benefits Regulation 187, § 7155 (1928); Exec. Order No. 6230 (Veterans Regulation No. 2a) (July 28, 1933); see also Russell v. Principi, 3 Vet.App. 310, 312-13 (1992) (en banc) (holding that 38 C.F.R. § 3.105(a), which allows for revision of RO decisions on the basis of CUE, is a valid exercise of Secretary’s authority to prescribe regulations, even in the absence of express statutory authority).
Until 1994, requests for revision on the basis that either an RO decision or a Board decision contained clear and unmistakable error were made pursuant to this regulatory authority. However, in Smith (William) v. Brown, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) ruled that this regulatory authority, specifically § 3.105(a), applies only to regional office decisions and that Board decisions are final unless reconsideration is ordered by the Board Chairman, the decision is vacated sua sponte by the Board, or the Board decision is reversed or remanded by the Court.[3] See 35 F.3d 1516, 1520-21 (Fed.Cir.1994). The Federal Circuit noted that a body akin to a trial court (an RO) cannot properly review decisions rendered by an appellate body (the Board) that has jurisdiction over it. See id.
On November 21, 1997, Congress enacted sections 5109A and 7111, title 38, U.S.Code, which expressly allow for the revision of a prior decision of the Secretary made under chapter 51, title 38, U.S.Code, and a decision of the Board, respectively, on the basis of CUE. See Pub.L. 105-111, § 1(b), 111 Stat. 2271 (Nov. 21, 1997). Although both sections provide, in essence, the same authority to attack collaterally the final decisions of an RO or the Board, respectively, they differ, as relevant to this appeal, in the language instructing how each request for revision shall be presented and adjudicated. Section 5109A(e) states that a request for revision of an RO decision on the basis of CUE “shall be submitted to the Secretary and shall be decided in the same manner as any other claim.” This contrasts with section 7111(e), which states that a request for revision of a Board decision on the basis of CUE “shall be submitted directly to the Board and shall be decided by the Board on the merits, without referral to any adjudicative or hearing official acting on behalf of the Secretary.”
Section 5109A requires that a request for revision of a final RO decision on the basis of CUE “shall” be submitted to the Secretary; section 7111 requires that a request for revision of a final Board decision on the basis of CUE “shall” be submitted directly to the Board and, specifically, not to the Secretary. Although section 7111 does not explicitly exclude the direct submission to the Board, for its consideration in the first instance, a request for revision on the basis of CUE in an RO decision under section 5109A, permitting such action would contravene the *330 express requirement in section 5109A(e) that a request under that section “shall” be submitted to the Secretary. See Splane v. West, 216 F.3d 1058, 1068-69 (Fed.Cir.2000) (“canons of construction ... require us to give effect to the clear language of a statute and avoid rendering any portions meaningless or superfluous”). Additionally, section 7111 by its terms only speaks to prior Board decisions and it evinces no authorization for the Board to consider in the first instance anything other than a request for revision of a previous Board decision based on CUE. See Shoshone Indian Tribe v. United States, 364 F.3d 1339, 1347 (Fed.Cir.2004) (Court presumes “that ‘Congress expresses its intent through the language it chooses’ and that the choice of words in a statute is therefore deliberate and reflective” (quoting INS v. Cardoza-Fonseca, 480 U.S. 421, 433 n. 12, 436, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987))).
This reading of sections 5109A and 7111 is also consistent with the statutory scheme. See King v. St. Vincent’s Hosp., 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991) (when interpreting a statute, the Court is required to look at the context and the provisions of law as a whole); Imazio Nursery, Inc. v. Dania Greenhouses, 69 F.3d 1560, 1564 (Fed.Cir.1995) (all parts of a statute must be construed together without according undue importance to a single or isolated portion); see also Gardner v. Derwinski, 1 Vet.App. 584, 586 (1991) (“Determining a statute’s plain meaning requires examining the specific language at issue and the overall structure of the statute.”), aff'd sub nom. Gardner v. Brown, 5 F.3d 1456, 1456 (Fed.Cir.1993), aff'd, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994); 2A N. Singer, Sutherland on Statutory Construction § 46:05 (6th ed.2000) (“each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole” and “the court will not only consider the particular statute in question, but also the entire legislative scheme of which it is a part”). Whereas section 7111 describes a specific procedure for the adjudication of a request for revision of a Board decision based on CUE, section 5109A(e) requires that a request for revision based on CUE “shall be decided in the same manner as any other claim.” Section 5109A is part of chapter 51, title 38, U.S.Code, as is section 5104(a), which controls the adjudication of claims by the Secretary. Section 5104(a) requires that the Secretary notify a claimant of the Secretary’s decisions affecting the provision of benefits made under section 511(a), title 38, U.S.Code. Section 511(a) requires the Secretary to decide all questions of law and fact necessary for a decision by the Secretary under the law that affects the provision of benefits by the Secretary.

1. Board Jurisdiction Over a Claim

Although the term “claim” is not defined in title 38, U.S.Code, section 5100 defines “claimant” as “any individual applying for, or submitting a claim for, any benefit under the laws administered by the Secretary,” which necessarily suggests that a claim is one for a benefit. 38 U.S.C. § 5100. This suggestion was adopted by the Secretary in his implementing regulations which define a “claim” as a written request for “determination of entitlement ... to a benefit.” 38 C.F.R. § 3.1(p) (2005); see also 38 C.F.R. § 20.3(f) (2005) (defining “claim” as, inter alia, an “application made under title 38, United States Code, and implementing directives for entitlement to [VA] benefits”). Claims for benefits, necessarily, are submitted to and adjudicated by the RO, which acts on behalf of the Secretary. Cf. 38 U.S.C. § 5103(a) (Secretary shall take certain action “[u]pon receipt of a complete or sub *331 stantially complete application” for benefits). This is so that the RO can make the “initial review or determination” referred to in 38 U.S.C. § 7105(b)(1), against which a Notice of Disagreement (NOD) may be filed to initiate appellate review. See Godfrey v. Brown, 7 Vet.App. 398, 410 (1995).
Once a claim is adjudicated by the RO, that decision becomes final unless the claimant appeals the decision. See 38 U.S.C. § 7105(c). The request for appellate review by the Board is initiated by filing an NOD and is completed by filing a Substantive Appeal. See 38 U.S.C. § 7105(a). When a claim is properly appealed to the Board, the Board is vested with the jurisdiction to review “[a]ll questions in a matter which under section 511(a) of [title 38] is subject to a decision of the Secretary.” 38 U.S.C. §§ 7104(a), 7105(a); see also Bernard v. Brown, 4 Vet.App. 384, 390-91 (1993).
Although a claimant may file an NOD as to a claim adjudicated below, nothing in an NOD could confer jurisdiction upon the Board over a claim that was never presented to and adjudicated by the RO because there is no decision on such a newly raised claim to appeal to the Board. See Godfrey, 7 Vet.App. at 408-10 (Board lacks jurisdiction over claim not first presented to and adjudicated by the RO). Indeed, as an appellate tribunal reviewing the Secretary’s decision on a claim for benefits under section 511, and absent the grant of original jurisdiction, the Board has no authority to adjudicate such a claim in the first instance.[4] See 88 U.S.C. § 7104(a); Scates v. Principi, 282 F.3d 1362, 1367 (Fed.Cir.2002) (“The Board is primarily an appellate tribunal [that] serves as the deciding entity ‘on appeal to the Secretary’ of a question ‘subject to decision by the Secretary’ under [section] 511(a).”). Moreover, it is axiomatic that in the absence of legislation authorizing otherwise, jurisdiction cannot be conferred— nor can the lack of jurisdiction be waived — by the parties. See Johnson v. Brown, 7 Vet.App. 25, 27 (1994) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974) (“Lack of jurisdiction ‘cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.’ ” (quoting California v. LaRue, 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972)))); Smith (Irma) v. Brown, 10 Vet.App. 330, 334 (1997) (vacating as ultra vires a Board decision issued without jurisdiction and dismissing appeal); see also NLRB v. Fed. Sec., Inc., 154 F.3d 751, 754 (7th Cir.1998) (noting in National Labor Relations Board case that statutory jurisdiction of the Board “can never be waived” and that questions of its existence may be raised at any time); Dunklebarger v. Merit Sys. Prot. Bd., 130 F.3d 1476, 1480 (Fed.Cir.1997) (stating that “an agency cannot by acquiescence confer jurisdiction on the Merit Systems Protection Board to hear an appeal that Congress has not authorized the Board to entertain”); Plaquemines Port, Harbor & Terminal Dist. v. Fed. Mar. Comm’n, 838 F.2d 536, 542 n. 3 (D.C.Cir.1988) (stating that abandonment of jurisdictional issues does not confer jurisdiction where none exists and that “[a]gency jurisdiction, like subject matter *332 in the federal courts, cannot be achieved by consent of the parties”).
Once the Board has jurisdiction over a claim, however, it has the authority to address all issues related to that claim, even those not previously decided by the RO. See Bernard, 4 Vet.App. at 392 (distinguishing between questions or issues in a matter or claim and the matter or claim itself, and holding that the Board has authority “to decide all questions presented on the record before it that were necessary to its decision on the matter” on appeal (citing 38 U.S.C. § 7104(a))). To exercise this authority with regard to questions or issues not previously addressed by an RO in the first instance, however, the Board must secure a waiver from a claimant or otherwise determine that there would be no prejudice to the claimant by proceeding to adjudicate the question or issue; otherwise remand is appropriate. See Bernard, 4 Vet.App. at 394 (Board must either obtain waiver or determine whether a claimant will be prejudiced by the Board’s adjudication of a question or issue in an appeal not otherwise decided by the RO, otherwise it must remand for the RO to decide the question in the first instance).

2. Board Jurisdiction Over a Request for Revision Under § 5109A(e)

A request for revision based on CUE is not a claim for benefits in its own right; rather, it is a collateral attack on an otherwise final benefits decision on the basis of a specific allegation of CUE. See Livesay, 15 Vet.App. at 178-79. As observed by the Federal Circuit in Andre v. Principi, “[bjecause a CUE claim involves an allegation of an error with ‘some degree of specificity,’ a veteran’s assertion of a particular clear and unmistakable error by the RO constitutes a distinct claim.” 301 F.3d 1354, 1361 (Fed.Cir.2002) (emphasis added) (quoting Fugo v. Brown, 6 Vet.App. 40, 44 (1993)). All questions within a single claim are encompassed within the term “matter.” See Bernard, 4 Vet.App. at 389-92. However, two separate claims are considered two separate “matters.” See Godfrey, 7 Vet.App. at 410. Accordingly, each new theory of CUE is a separate and distinct matter. See Andre, supra. When a new theory of CUE under section 5109A is first presented to the Board, that matter was not “subject to decision by the Secretary,” and the Board would lack appellate jurisdiction over the newly raised theory of CUE.[5] 38 U.S.C. § 7104(a). In such a circumstance, the Board is obligated to refer that theory of CUE to the RO to “be decided in the same manner as any other claim.” 38 U.S.C. § 5109A(e); see Godfrey, 7 Vet.App. at 410.
In contrast, when a request for revision based on CUE is submitted to the RO and the claimant disagrees with the RO’s adjudication of that specific request and appeals to the Board, the Board is vested with jurisdiction over the merits of that matter because it had originally been submitted to the RO and subject to a *333 decision by the Secretary. In Huston v. Principi the claimant, in October 1998, sought revision of “the previous final decision,” and in a June 1999 decision, the RO determined that a September 1998 RO decision, which had, inter alia, assigned an effective date of June 7,1991, for an award of service connection, was not the product of CUE. 18 Vet.App. 395, 399-400 (2004). Mr. Huston appealed, and the Board determined that there was no CUE in a May 1981 RO decision, which it determined was the last final decision rendered, and thus denied the request for revision. See Huston, 18 Vet.App. at 398. Under these circumstances, the Board had jurisdiction over the matter because the Board adjudicated the specific theory of CUE that was presented to and adjudicated by the RO, i.e., CUE in the “previous final decision.” Although the Board’s denial of Mr. Huston’s request for revision was based on reasons different from those of the RO, the Board did not adjudicate a different request. Indeed, the Board was never presented with two separate and distinct requests for revision. Because the Board had jurisdiction over the matter, it could proceed to address any issue related thereto. See Bernard, supra.
The Court determined, however, that because the Board’s adjudication of the request for revision addressed a related issue that had not been addressed by the RO, the Board erred in adjudicating that issue in the first instance without first “offering to remand the question to the RO.” Huston, 18 Vet.App. at 403. Thus, in its review of the RO’s decision on a claim, CUE or otherwise, if the Board is required to address an issue related to that matter that was not previously considered by the RO, the Board must either remand the matter to the RO or secure the appellant’s waiver. See Huston, supra; Sutton v. Brown, 9 Vet.App. 553, 564-70 (1996) (before Board considers issue not considered by RO, Board should “advise the claimant of its intent to consider such ... issue ... and ... unless the claimant submits to the Board the waiver, ... the case will be returned to the RO for initial adjudication as to the ... issue not yet considered”); see also Disabled Am. Veterans v. Sec’y of Veterans Affairs [hereinafter DAV v. Sec’yl 327 F.3d 1339, 1347 (Fed.Cir.2003) (invalidating 38 C.F.R. § 19.9(a)(2) because, in conjunction with 38 C.F.R. § 20.1304, it allowed Board to consider new evidence without having to remand to RO and without having to obtain appellant’s waiver).
Moreover, one seeking revision based on CUE may also “rephrase and provide additional argument and support for the same basic CUE argument presented” on appeal to the Board. Jordan v. Principi, 17 Vet.App. 261, 270-71 (2003) (holding that an appellant is not bound to the exact words used in a request for revision on the basis of a CUE in a Board decision), aff'd sub nom. Jordan v. Nicholson, 401 F.3d 1296 (Fed.Cir.2005), rehearing en banc denied, No. 04-7034 (Fed. Cir. May 23, 2005). However, each wholly distinct and different CUE theory underlying a request for revision is a separate matter and, when attacking a prior RO decision, each must be presented to and adjudicated by the RO in the first instance and, if not, the Board lacks jurisdiction over the merits of the matter.
B. Application of Law to Facts
Both parties agree that the theory of CUE presented to the Board in Ms. Jarrell’s Substantive Appeal, which was adjudicated by the Board in the decision now on appeal, was a theory of CUE separate and distinct from that presented to and adjudicated by the 1997 RO. Specifically, the request presented to the 1997 *334 RO was based on the argument that the 1956 RO had not followed the provisions of 38 C.F.R. §§ 3.303 and 3.307(c), the then-controlling regulations regarding service connection for diseases noted in service or within the presumptive period thereafter. In her Substantive Appeal, however, Ms. Jarrell raised for the first time the failure of the 1956 RO to consider the presumption of sound condition under 38 C.F.R. § 3.63.
Although Ms. Jarrell filed an NOD and a Substantive Appeal, these actions could only confer on the Board jurisdiction to review the merits of a request for revision based on the theory of CUE presented to and adjudicated by the 1997 RO, and they did not serve to establish such jurisdiction in the Board over a request for revision based on a wholly distinct theory of CUE first presented in her Substantive Appeal. See Andre and Godfrey, both supra. Moreover, Ms. Jarrell’s waiver of consideration by the RO of the CUE theory presented to the Board cannot serve to confer jurisdiction where it otherwise does not exist.[6] See Smith (Irma) and Johnson, both supra; see also Fed. Sec., Dunklebarger, Plaquemines, all supra. In this instance, because the Board lacked jurisdiction on the merits of Ms. Jarrell’s request for revision that had not been presented to and adjudicated by the RO, the appropriate course of action for the Board was to refer the matter to the RO for adjudication in the first instance. See 38 U.S.C. § 5109(e); Godfrey, 7 Vet.App. at 410 (holding Board properly referred unadju-dicated claim first raised to the Board to the RO for adjudication).
The Court must “take due account of the rule of prejudicial error” in every case in which it finds error in the Board’s decision. 38 U.S.C. § 7261(b)(2); see Conway v. Principi, 353 F.3d 1369, 1374-75 (Fed.Cir.2004) (Court shall take due account of the rule of prejudicial error). In the circumstances of this case, to hold that a lack of jurisdiction can be harmless error would be inconsistent with the well-established doctrine that parties cannot consent to agency jurisdiction and that the absence of jurisdiction cannot be waived. See Smith (Inna) and Johnson, both supra; see also Fed. Sec., Dunklebarger, and Plaquemines, all supra.
III. CONCLUSION
Upon consideration of the foregoing, that portion of the January 3, 2003, Board decision that adjudicated the request for revision on the basis of CUE first raised in Ms. Jarrell’s Substantive Appeal to the Board is SET ASIDE for want of original jurisdiction over that matter. This appeal is DISMISSED.
SET ASIDE and APPEAL DISMISSED.
HAGEL, Judge, filed a dissenting opinion.

. Although 38 U.S.C. § 7261 instructs the Court in appropriate cases to “set aside” decisions of the Board, in taking such action, the Court has traditionally used the term “vacate” to describe that action. The Court uses the terms “vacate” and "set aside” interchangeably. The verb “to vacate” is defined as "to nullify, cancel; make void; invalidate,” while the verb phrase "to set aside” is defined as “to annul or vacate (a judgment, order, etc.).” Black's Law Dictionary 1376, 1546 (7th ed.1999). We conclude that no distinction exists between "set aside” and "vacate.” Virgin Islands Tel. Corp., v. FCC, 444 F.3d 666, 671 (D.C.Cir.2006) (" ‘Set aside’ usually means ‘vacate.’ ”); Checkosky v. SEC, 23 F.3d 452, 491 (D.C.Cir.1994) ("Setting aside means vacating; no other meaning is apparent.”). Although both terms can be used interchangeably, to be consistent with the language employed by Congress, and for the *328 purpose of deciding this case, the Court will use the term "set aside.”

. Although a request for revision on the basis of CUE is frequently referred to as a "CUE claim” or a "claim of CUE,” the Court will use the statutory and regulatory language, as appropriate. See Livesay v. Principi, 15 Vet.App. 165, 179 (2001) (en banc) ("a request for revision of a previous decision on the basis of CUE is not an application or claim for any benefit under the laws administered by the Secretary” (internal quotations omitted)).

. Within the veteran-friendly administrative setting, there are numerous means to having a final Board decision readdressed. In addition to the methods stated in Smith (William), 35 F.3d at 1520-21, a prior decision can be reversed or revised based on CUE, 38 U.S.C. § 7111; Cook v. Principi, 318 F.3d 1334, 1337 (Fed.Cir.2002) (en banc); 38 C.F.R. § 20.1400 (2005), reopened based on new and material evidence, see 38 U.S.C. § 5108; Cook, supra; 38 C.F.R. § 3.156(a) (2005), or the Board may sua sponte, regardless of any motion for reconsideration, correct obvious errors, see 38 U.S.C. § 7103(c); Hazan v. Gober, 10 Vet.App. 511, 522 (1997); see also DiCarlo v. Nicholson, 20 Vet.App. 52, 56 (2006) (setting forth recognized exceptions to the rule of finality).

. The Board has been granted original jurisdiction to adjudicate a request for revision of a Board decision based on CUE, see 38 U.S.C. § 7111, to correct obvious error, see 38 U.S.C. § 7103(c), and to review attorney fee agreements, see 38 U.S.C. § 5904(c)(2); Scates v. Principi, 282 F.3d 1362, 1367 (Fed.Cir.2002) (recognizing section 5904(c)(2) as giving Board “non-appellate authority” to review attorney fee agreements). See also Matthews v. Nicholson, 19 Vet.App. 202, 205 (citing sections 5904(c)(2) and 7111 as examples of statutory provisions granting original jurisdiction to the Board).

. The U.S. Supreme Court cases of Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004), and Arbaugh v. T & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006), support this conclusion. Those cases, read together, stand for the proposition that jurisdiction refers to the "adjudicatory authority” over "classes of cases (subject matter jurisdiction) and persons (personal jurisdiction).” Scarborough, 541 U.S. at 413-14, 124 S.Ct. 1856. Absent a specific grant of original jurisdiction, see supra n. 4, the Board’s adjudicative authority is limited to those classes of cases in which the Secretary had rendered a decision. See 38 U.S.C. § 7104(a); see also Scates, 282 F.3d at 1367 (except where granted "non-appellate authority,” Board’s authority is to "review” decisions of the Secretary).

. DAV v. Sec’y, supra, upon which our dissenting colleague relies, is inapposite to the case at bar. In DAV v. Sec’y, the Federal Circuit held that when additional evidence is submitted to the Board in support of a claim to reopen, the Board must secure a claimant’s waiver before proceeding to evaluate such evidence and decide the claim adverse to the claimant, or remand for the RO to undertake such action in the first instance. Id. at 1342. The case at bar involves a wholly distinct and separate CUE theory in support of a request for revision — a separate and distinct "claim” (request), see Andre, supra — which, as the parties agree, has never been presented to an RO.