LANCE, Judge,
concurring:
I fully concur in the Court’s holding that “section 5121 and section 5121A provide separate and distinct procedural paths for pursuing accrued benefits.” Ante at 302. I write separately to highlight only that the Court’s jurisdiction to remand this matter is predicated on the claim for benefits sought that was adjudicated — albeit incorrectly pursuant to section 5121A — in the decision on appeal: Mrs. Reliford’s entitlement to accrued benefits. The majority’s passing citation to Beverly v. Nicholson, 19 Vet.App. 394, 405-06 (2005), is both inap-posite to the Court’s holding in this case and confusing.
As the only claim adjudicated by the Board was that of Mrs. Reliford’s entitlement to accrued benefits, Beverly is inap-posite, as the issue of “ ‘whether the claim was reasonably raised to the Board’” is not implicated here. Ante at 304-05 (quoting Beverly, 19 Vet.App. at 405). Moreover, since Beverly was issued, the en banc court ruled in Jarrell v. Nicholson that the Court could exercise jurisdiction over a claim only if it had been decided by the Board in a valid decision. 20 Vet.App. 326, 331 (2006) (en banc). Moreover, Beverly was premised on an interpretation of the U.S. Court of Appeals for the Federal Circuit’s decision in Andrews v. Nicholson, 421 F.3d 1278, 1282 (Fed.Cir.2005), which was later rejected in Ingram v. Nicholson, 21 Vet.App. 232, 255 (2007). Our jurisdiction is explicitly limited by congressional mandate to final Board decisions. See 38 U.S.C. § 7252(a); see Jarrell, 20 Vet.App. at 331 (both the Court and the Board lack jurisdiction over a claim not first presented to and adjudicated by the RO). Inasmuch as our jurisdiction requires a valid Board decision and a claim is not decided unless there is a “decision [that] discusses a claim in terms sufficient to put the claimant on notice that it was considered and rejected,” Ingram, 21 Vet.App. at 255, Beverly cannot stand for the proposition that an appeal of a Board decision is a general license for a claimant to scour his file and seek the Court’s intervention as to every potential claim or appeal that might have occurred over the years. The majority’s cursory suggestion otherwise in dicta is misplaced and confusing.[5]
*306 To be clear, the Court’s decision should not be read as holding that a separate “section 5121(a)” claim for accrued benefits remains pending and unadjudicated by the RO. If that were the case, the Court would lack jurisdiction to remand such a claim to the Board; the appropriate remedy would be vacatur and dismissal of the Board’s decision on appeal. Instead, the Court correctly remands Mrs. Reliford’s claim for accrued benefits to be processed in accordance with section 5121(a).

. Additionally, the Board, on remand in this case, should not be confused by the Court’s parenthetical reference to a remand "for [a] determination of whether [a] claim was reasonably raised, when there was an evidentiary factual bases therefore.’’ Ante at 305. The Court is remanding this matter "for adjudication of Mrs. Reliford’s claim based on the file as it existed at the time of her husband’s death.” Id. at 304. The Court is not remand *306 ing — and indeed cannot remand — this matter for a determination of whether a claim was reasonably raised. See Jarrell, 20 Vet.App. at 331; see also DiCarlo v. Nicholson, 20 Vet.App. 52, 56 (2006) (holding that the proper procedure for a claimant to pursue “a claim believed to be unadjudicated (and for which there is no final decision that arguably failed to consider the claim) is to pursue a resolution of the original claim, e.g., seek issuance of a final RO decision with proper notification of appellate rights and initiate” a Notice of Disagreement).