﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191205-48897
DATE: July 31, 2020

REMANDED

Entitlement to service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served in the U.S. Marine Corps Reserve, with active duty from September 1993 to April 1994. 

The November 2019 rating decision on appeal was issued under the new Appeals Modernization Act (AMA) framework, and the Veteran initiated the appeal to the Board in December 2019 with the filing of a Decision Review Request (VA Form 10182), selecting direct review by a Veterans Law Judge on the evidence of record at the time of the rating decision. In correspondence dated December 18, 2019, the Board acknowledged the appeal and informed the Veteran and his representative that the appeal had been placed on the Board’s direct review docket. Under the AMA, when a claimant seeks appellate review through the Board’s direct review docket, the Board may consider the evidence of record at the time of the rating decision on appeal, here as of November 22, 2019. 38 U.S.C. § 7113(a) (2019). 

The Board recognizes that the Veteran has raised the issue of clear and unmistakable error (CUE) on appeal, asserting that the RO failed to adjudicate a pending claim for entitlement to service connection for bilateral hearing loss. See Decision Review Request: Board Appeal (Notice of Disagreement) received December 5, 2019 (VA Form 10182). However, as neither the claim for entitlement to service connection for bilateral hearing loss nor the Veteran’s CUE claim has yet been adjudicated by the RO, the Board may not consider the merits of either claim at this time. See 38 C.F.R. § 20.104 (2019); Jarrell v. Nicholson, 20 Vet. App. 326, 331 (2006) (Board may not consider CUE in the first instance).

Tinnitus

Once VA undertakes the effort to provide an examination or medical opinion when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

Here, the VA examiner opined that it is less likely than not that the Veteran’s currently diagnosed recurrent tinnitus is related to in-service military noise exposure because the service treatment records do not reflect complaints of tinnitus, the Veteran “only served six months and 18 days” on active duty, and he reported that his tinnitus did not onset within one year of separation from active duty. See VA examination report dated February 19, 2019 at pg. 6.

The Board finds the February 2019 opinion inadequate. First, a lack of in-service evidence of complaints of a disability is not always fatal to a service connection claim. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Second, the examiner did not explain why serving on active duty for six months and 18 days precludes finding a nexus between the Veteran’s tinnitus and active duty service. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000). Third, the examiner failed to consider whether delayed onset tinnitus occurred in this case, as the Veteran has suggested. Fourth, the examiner failed to note the actual or approximate date of onset of the Veteran’s symptoms in 1995. As the date of onset of the Veteran’s tinnitus is not specified in the record, it is impossible to determine whether presumptive service connection provisions applicable to organic diseases of the nervous system, such as tinnitus, are for application. See 38 C.F.R. §§ 3.303, 3.307, 3.309.

Notably, in August 2019 the Veteran submitted a private audiology examination, reflecting that he reported exposure to artillery fire, gun fire, and grenade explosions during service, and that he was not always able to wear hearing protection during service. See Private audiogram dated August 6, 2019.

As the RO failed to obtain a medical opinion that considers the private audiology examination, and the February 2019 VA opinion is inadequate for adjudication purposes, remand is warranted to correct these pre-decisional duty to assist errors. 38 C.F.R. § 20.802 (2019).

Lastly, the Board observes that many of the Veteran’s service personnel records associated with the electronic claims file prior to the issuance of the rating decision on appeal are unreadable. Therefore, on remand, the RO should attempt to ensure that copies of the Veteran’s service personnel records associated with the claims file are legible for the Board’s review.

The matters are REMANDED for the following action:

1. Attempt to secure legible copies of all service records for the Veteran for inclusion in the electronic claims file.

2. Then, request an addendum opinion from the same VA examiner who conducted the February 2019 VA hearing loss and tinnitus examination, if available, as to the etiology of the Veteran’s tinnitus. If the same examiner is unavailable, request an appropriately certified audiologist. The claims file, and a copy of this Remand, must be made available to, and be reviewed by, the examiner.

The need for another examination(s) is left to the discretion of the medical professional offering the addendum opinion.

All indicated studies, tests, and evaluations must be conducted, and all findings reported in detail and correlated to a specific diagnosis. 

*Should an examination be necessary but not feasible given the circumstances surrounding the recent pandemic, consider providing a virtual, VA Telehealth, or telephone interview, in the examiner’s discretion and considering technology available to the Veteran, that is compliant with the Health Insurance Portability and Accountability Act (HIPAA) requirements. If conducting an in-person, VA Telehealth, or telephone interview is not possible, issue an opinion after a thorough review of the claims file.

After a complete review of the claims file, the examiner is asked to provide an opinion addressing the following:

(a) Provide an opinion as to whether it is at least as likely as not (50 percent or higher probability) that the currently diagnosed tinnitus had its onset during service, manifested within one year after service separation, or is otherwise etiologically related to service.

*The Veteran’s lay assertions must be considered and discussed when formulating an opinion. The examiner should specifically address the Veteran’s assertion of delayed onset tinnitus, i.e., onset of his symptoms in 1995.

*A lack of in-service evidence of complaints of a disability is not always fatal to a service connection claim. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992).

*If the examiner concludes that a favorable nexus opinion is precluded because of the duration of the Veteran’s active duty service, the medical basis for such conclusion must be fully explained.

Although the examiner should review the entire claims file, the examiner is requested to discuss and weigh the following potentially relevant pre-decisional evidence, which is identified by VBMS label and receipt date in parenthesis. The Board’s reference to this evidence should not be construed as a determination of its credibility. See Smith v. Wilkie, 2020 U.S. App. Vet. Claims LEXIS 739 (April 27, 2020).

*Private audiology examination dated August 6, 2019, including the Veteran’s lay assertions of in-service exposure to artillery fire, rifle and machine gun fire, and grenade explosions, and that he was not always able to wear hearing protection during service (see VBMS entry with document type “Medical Treatment Record - Non-Government Facility,” receipt date 08/30/2019).

(Continued on the next page)

 

The examiner should provide a complete rationale for each opinion.

3. Then, readjudicate the remanded claim.

 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Brad Farrell, Associate Attorney

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.