﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200323-74657
DATE: November 30, 2020

ORDER

An effective date of April 12, 2019, but no earlier, for the award of service connection for bilateral hearing loss is granted.

An effective date of April 12, 2019, but no earlier, for the award of service connection for tinnitus is granted.

FINDINGS OF FACT

1. The Veteran’s original claim for service connection for bilateral hearing loss and tinnitus was denied by the RO in a final February 2018 rating decision.

2. On April 12, 2019, VA received an incomplete VA Form 20-0995 Supplemental Claim Application as to service connection for bilateral hearing loss and tinnitus.

3. On June 4, 2019, VA received a complete VA Form 20-0995 Supplemental Claim Application as to service connection for bilateral hearing loss and tinnitus.

CONCLUSIONS OF LAW

1. The criteria for an effective date of April 12, 2019 for the grant of service connection for bilateral hearing loss are met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.155, 3.160, 3.400, 3.2500, 3.2501.

1. The criteria for an effective date of April 12, 2019 for the grant of service connection for tinnitus are met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.155, 3.160, 3.400, 3.2500, 3.2501.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, who is the appellant in this case, served on active duty from February 1966 to January 1968.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c) and 38 U.S.C. § 7107(a)(2).

The Board has limited the discussion below to the relevant evidence required to support its findings of fact and conclusions of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016).

Procedural History

As detailed below, this case has a complex procedural history.

In a February 2018 rating decision, the RO denied entitlement to service connection for bilateral hearing loss and tinnitus. The Veteran filed a Notice of Disagreement (NOD) in March 2018, and a Statement of the Case (SOC) was issued in May 2018.

On April 12, 2019, VA received the Veteran’s VA Form 20-0995 Supplemental Claim Application as to the issues of service connection for bilateral hearing loss and tinnitus. By way of a May 2019 letter, VA notified the Veteran and his representative that it could not process his April 2019 Supplemental Claim because it was incomplete, having not noted any new and relevant evidence to support the claims. 

On June 4, 2019, VA received the Veteran’s complete VA Form 20-0995 Supplemental Claim Application. In an October 2019 rating decision, the RO awarded service connection for bilateral hearing loss and tinnitus, establishing the effective dates for both awards as June 4, 2019.

In January 2020, the Veteran filed a complete VA Form 20-0995 Supplemental Claim Application challenging the effective dates established for the awards of service connection for bilateral hearing loss and tinnitus. As an aside, the Board notes that incomplete claim applications were received in November 2019 and December 2019. See Correspondence dated November 2019 and December 2019.

In a February 2020 rating decision, the RO denied entitlement to effective dates earlier than June 4, 2019 for the awards of service connection for bilateral hearing loss and tinnitus.

In February 2020, the Veteran filed a VA Form 20-0996 Request for Higher-Level Review wherein he asserted that the effective dates for the award of service connection for bilateral hearing loss and tinnitus should be November 8, 2017, listing the “Date of VA Decision Notice” as February 21, 2018. The Board observes that February 21, 2018 is the date the RO issued the February 2018 rating decision denying the Veteran’s original claims for service connection for bilateral hearing loss and tinnitus.

In a February 2020 letter, VA notified the Veteran that it could not accept the Veteran’s February 2020 Higher-Level Review request, and that the Veteran could choose to instead have his claim reviewed as a Supplemental Claim or Board Appeal.

In March 2020, the Veteran filed a VA Form 10182 (Decision Review Request: Notice of Disagreement) and, in so doing, elected direct review by the Board. While the Board notes that the Veteran listed the “Date of Decision” on appeal as February 21, 2018, pursuant to 38 C.F.R. § 20.202(a), the Board liberally interprets the March 2020 VA Form 10182 as an appeal of the February 2020 rating decision, as the Veteran is clearly asserting entitlement to earlier effective dates for the awards of service connection for bilateral hearing loss and tinnitus.

1. Entitlement to an earlier effective date for the award of service connection for bilateral hearing loss 

2. Entitlement to an earlier effective date for the award of service connection for tinnitus

Generally, the effective date for VA compensation is the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. For supplemental claims under the AMA received more than one year after the date on which the AOJ issues notice of a decision, the effective date will be fixed in accordance with the date entitlement arose, but will not be earlier than the date of receipt of the supplemental claim. 38 C.F.R. § 3.2500(h)(2).

For supplemental claims, potentially new evidence must be identified or included in a claim application in order for an application to be considered complete. 38 C.F.R. § 3.160(a)(6). The filing date of a supplemental claim is determined according to 38 C.F.R. § 3.155, with the exception of the intent to file rule found in 38 C.F.R. § 3.155(b), which applies to initial claims. 38 C.F.R. § 2501(d). Under 38 C.F.R. § 3.155(d)(1)(i), upon receipt of a communication indicating a belief in entitlement to benefits that is submitted in writing or electronically on a supplemental claim form prescribed by the Secretary that is not complete as defined in 38 C.F.R. § 3.160(a), the Secretary shall notify the claimant and the claimant’s representative, if any, of the information necessary to complete the application form prescribed by the Secretary. If VA receives a complete claim within 60 days of notice by VA that an incomplete claim was filed, it will be considered filed as of the date of receipt of the incomplete claim. 38 C.F.R. § 3.155(d)(1)(i).

In this matter, VA received the Veteran’s initial claim of entitlement to service connection for bilateral hearing loss and tinnitus in November 2017. In a February 2018 rating decision, the RO denied entitlement to service connection for bilateral hearing loss and tinnitus and notified the Veteran of the decision in a letter dated that same month. The Veteran filed a NOD in March 2018, and a SOC was issued in May 2018. No substantive appeal was received after the SOC, nor was new and material evidence received within the appeal period following the issuance of the SOC. Therefore, the February 2018 rating decision became final. 38 U.S.C. § 7105(c); 38 C.F.R. § 3.104(a).

As previously mentioned, on April 12, 2019, VA received the Veteran’s VA Form 20-0995 Supplemental Claim Application as to the issues of service connection for bilateral hearing loss and tinnitus. By way of a May 2019 letter, VA notified the Veteran and his representative that it could not process his April 2019 Supplemental Claim because it was incomplete, having not noted any new and relevant evidence to support the claims. See 38 C.F.R. § 3.160(a)(6). On June 4, 2019, VA received the Veteran’s complete VA Form 20-0995 Supplemental Claim Application.

In an October 2019 rating decision, the RO awarded service connection for bilateral hearing loss and tinnitus, establishing the effective dates for both awards as June 4, 2019, the date of receipt of the complete VA Form 20-0995 Supplemental Claim Application. However, as discussed, under 38 C.F.R. § 3.155(d)(1)(i), if VA receives a complete claim within 60 days of notice by VA that an incomplete claim was filed, it will be considered filed as of the date of receipt of the incomplete claim. As the Veteran’s complete claim (received June 4, 2019) was received within 60 days of receipt of the incomplete claim (April 12, 2019), the Veteran’s supplemental claim is considered filed as of the date of receipt of the incomplete claim, on April 12, 2019. Accordingly, April 12, 2019 is the earliest effective date allowed by law, as it was the date the Veteran’s supplemental claim was considered filed pursuant to 38 C.F.R. § 3.155(d)(1)(i). See 38 C.F.R. § 3.2500(h)(2).

The Board acknowledges the Veteran’s argument that the effective date for the awards of service connection should be November 8, 2017, as that was when his original claim application for service connection was received. Nonetheless, for supplemental claims under the AMA received more than one year after the date on which the AOJ issues notice of a decision, the effective date will be fixed in accordance with the date entitlement arose, but will not be earlier than the date of receipt of the supplemental claim. 38 C.F.R. § 3.2500(h)(2). Here, notice of the final February 2018 rating decision was issued in February 2018. The Veteran did not file his incomplete Supplemental Claim Application until April 2019 and did not file his complete Supplemental Claim Application until June 2019. Accordingly, the effective date will be fixed in accordance with the date of receipt of the supplemental claim. 38 C.F.R. § 3.2500(h)(2). 

The Board also acknowledges that the RO addressed the theory of clear and unmistakable error (CUE) in its February 2020 rating decision, although the Veteran did not file a motion to review a prior final rating decision on the basis of CUE. Even so, the Board finds that the issue of CUE is not properly before it. A CUE motion is not proper until a claim is finally adjudicated, and a claim is not finally adjudicated in AMA until “the expiration of the period in which to file a review option available under § 3.2500 or disposition on judicial review where no such review option is available.” 38 C.F.R. § 3.106(d)(2); see also 38 C.F.R. § 3.105. Here, because the Veteran sought appellate review within 1 year of the issuance of the October 2019 rating decision that assigned the effective date for service connection for bilateral hearing loss and tinnitus by filing a complete

VA Form 20-0995 Supplemental Claim Application in January 2020, a CUE motion is not proper. To the extent the Veteran’s filings can be interpreted as an assertion that the February 2018 rating decision denying service connection for bilateral hearing loss and tinnitus contains CUE, the Board finds that it cannot address this theory, as it was not first addressed by the RO. See Jarrell v. Nicholson, 20 Vet. App. 326 (2006) (explaining that the § 5109A requires that a request for revision of a final RO decision on the basis of CUE be submitted to the RO for initial adjudication). For these reasons, the Board will not address the theory of CUE.

Based on the foregoing, the Board finds that an effective date of April 12, 2019, but no earlier, is warranted for service connection for bilateral hearing loss and tinnitus.

 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. M. Gill, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.