﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210105-135199
DATE: April 30, 2021

ORDER

The appeal addressing whether new and relevant evidence has been received to warrant readjudication of the claim for esophagus cancer is dismissed.

FINDING OF FACT

The Veteran did not timely file a VA Form 10182 and good cause has not been shown that would permit the Board to extend the time for filing a VA Form 10182 with respect to the rating decision issued on July 23, 2019. 

CONCLUSION OF LAW

The criteria for an extension for the filing of a VA Form 10182 with respect to the rating decision issued on July 23, 2019 have not been met and the Veteran’s VA Form 10182 was not otherwise timely received. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.202, 20.203. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty with the United States Marine Corps from May 1966 to May 1968. 

This case involves whether the Board should accept as timely filed a VA Form 10182 received on January 5, 2021 and resubmitted again on January 25, 2021. The Veteran submitted an extension request with his January 5, 2021 VA Form 10182 and again with the resubmitted VA Form 10182 on January 25, 2021. For the reasons stated below, the Board will deny the Veteran’s January 5, 2021 request for an extension to file the VA Form 10182 and will dismiss this appeal as untimely. 

The Board shall not entertain an application for review on appeal unless it conforms to the law. 38 U.S.C. § 7108. Under the framework of the modernized review system, also known as the AMA, an appeal consists of a properly completed VA Form 10182 submitted to the Board within one year from the date that the agency mails the notice of decision. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.201, 20.202, 20.203.

A claimant may request an extension of the period for filing an appeal for good cause. 38 C.F.R. § 20.203. A request for such an extension must be in writing and must be filed with the Board. Id. Whether good cause for an extension has been established will be determined by the Board. Id.

On March 28, 2019, the Veteran was initially denied service connection for esophageal cancer. The Veteran received notification of this decision on April 1, 2019. On June 12, 2019, he submitted a VA Form 20-0995 Supplemental Claim Application. A rating decision was then issued on July 23, 2019, finding that the claim remained denied because the evidence submitted was not new and relevant. The Veteran received notification of this denial on July 31, 2019. 

The Veteran’s VA Form 10182 was received by the VA on January 5, 2021, in which the Veteran attempted to appeal the earlier March 28, 2019 denial of service connection. This appeal was submitted well over one year after the issuance of the both the April 1, 2019 and July 31, 2019 notice letters. It was thus untimely. 

In the January 5, 2021 VA Form 10182, the Veteran included a Clear and Unmistakable Error (CUE) claim and stated, “good cause extension.” In a corresponding Statement in Support of Claim, the representative presented a CUE argument based on the merits of the case, arguing that the Veteran had been entitled to a VA examination. However, he failed to provide any explanation for the cause of the delay in filing the NOD.

Accordingly, the Board finds that good cause has not been shown to extend the time to file a VA Form 10182 for the esophageal cancer claim. 

Therefore, because there is no legal authority to permit the Board to find the Veteran’s appeal timely in this case, the Board is currently without jurisdiction to consider whether new and relevant evidence has been received to warrant readjudication of the claim for esophagus cancer, and the appeal is dismissed.

To the extent that the Veteran has leveled an allegation of CUE in the denial of service connection, the Board does not have jurisdiction over this claim. “[E]ach wholly distinct and different CUE theory underlying a request for revision is a separate matter and, when attacking a prior [AOJ] decision, each must be presented to and adjudicated by the [AOJ] in the first instance and, if not, the Board lacks jurisdiction over the merits of the matter.” Jarrell v. Nicholson, 20 Vet. App. 326, 334 (2006). Accordingly, if the Veteran wishes to file a claim for CUE based on the rating decision, such must be filed with the RO. 

 

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S.P. Faris

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.