Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 201209-123739
DATE: May 28, 2021

REMANDED

Entitlement to revision of a June 2017 rating decision denying entitlement to service connection for prostate cancer under 38 U.S.C. § 1151 based on clear and unmistakable error (CUE) is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from January 1985 to August 1988. 

A Department of Veterans Affairs (VA) Regional Office (RO) issued a rating decision in October 2020, which constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In his December 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board of Veterans' Appeals (Board) may only consider the evidence of record at the time of the October 2020 rating decision on appeal. 38 C.F.R. § 20.301.

As an initial matter, evidence was added to the claims file during a period of time when new evidence was not allowed (i.e., following the October 2020 rating decision on appeal). As the Board is remanding the claim for further development, however, this additional evidence will be considered by the RO in the adjudication of those claims.

This matter has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 

Clear and Unmistakable Error

By way of procedural background, the Veteran filed a claim for service connection for prostate cancer that was denied in a November 2016 rating decision. (Claims for service connection are governed by Title 38 United States Code, Section 1110 and, in general, provides a process by which Veteran can seek compensation for disability resulting from their active military service.) Subsequently, he filed a claim for entitlement to disability compensation for prostate cancer under 38 U.S.C. § 1151 in March 2017. (Section 1151 of Title 38 of the United States Code pertains to claims for disability compensation due to additional disability sustained following VA treatment.) The RO issued a June 2017 rating decision denying entitlement to service connection under 38 U.S.C. § 1151, and the Veteran filed a timely notice of disagreement. In an October 2018 statement of the case (SOC), the RO reconsidered the claim and provided the Veteran the relevant laws and regulations pertaining to the decision. The Veteran did not perfect a substantive appeal following the issuance of the SOC. (Perfecting an appeal is a necessary step in the Legacy appeals system.) 

In a November 2019 VA Form 20-0996, Request for Higher-Level Review, the Veteran requested review of the October 2018 decision on his claim for prostate cancer under the modernized appeal system implemented by the Appeals Modernization ACT or AMA. In December 2019, he was notified in a letter that a higher-level review request could not be processed because the decision in question was issued prior to February 19, 2019, when the AMA went into effect. Thereafter, he submitted another VA Form 20-0996 that also identified an October 2018 decision on prostate cancer in February 2020. In a February 2020 letter, VA informed the Veteran he could not request higher-level review of the June 2017 rating decision on prostate cancer because the decision had been issued prior to the implementation of the AMA. 

Thereafter, in an October 2020 VA Form 20-0995, Supplemental Claim Application, he indicated that he was seeking revision of a March 2017 decision on prostate cancer based on CUE. Although there was no March 2017 rating decision with respect to prostate cancer, the record reflects that the Veteran filed his section 1151 claim in March 2017, and he had previously indicated that he disagreed with the SOC issued in October 2018 that stemmed from the June 2017 rating decision on the section 1151 claim. Given this context, the RO should have construed his supplemental claim as a motion to revise the June 2017 rating decision that denied compensation under section 1151 on the basis of CUE. Nonetheless, the RO issued an October 2020 supplemental claim rating decision indicating that no revision was warranted of the November 2016 rating decision denying entitlement to service connection for prostate cancer. The rating decision did not discuss the June 2017 rating decision on section 1151. 

Thereafter, the Veteran filed VA Form 10182 in December 2020 to initiate his Board appeal and indicated that he was challenging a March 2017 decision on prostate cancer. On that form, he specifically indicated that he was challenging a decision with respect to his section 1151 claim. The same day, he filed a separate VA Form 20-0995 that also indicated he was seeking revision of a "March 2017" rating decision on prostate cancer. The RO responded via December 2020 correspondence to inform him the VA Form 20-0095 was incomplete and that it could not be processed. 

Having set forth the relevant procedural history, the Board finds that the RO adjudicated the incorrect issue in the October 2020 rating decision on appeal before the Board. Rather than adjudicating whether revision on the basis of CUE to the June 2017 decision that denied VA disability compensation for prostate cancer under section 1151, the RO adjudicated the issue of whether revision of the November 2016 rating decision denying entitlement to service connection for prostate cancer was warranted due to CUE. As set forth above, however, the Veteran had previously requested for the RO to adjudicate the issue of whether there was CUE with respect to his section 1151 claim on various occasions. Despite his multiple requests, the RO has thus far mischaracterized his contentions and declined to adjudicate the appropriate issue. 

Pursuant to the rules regarding claims for disability benefits, each specific issue listed on an application for entitlement to disability benefits will be adjudicated, and VA will issue a decision that addresses each such issue identified in a claim. 38 C.F.R. § 3.151(c)(1). The statutory provisions describing the procedures for adjudicating requests to revise prior rating decisions based on CUE provide that a claimant's request for revision of a decision based on CUE shall be submitted to the Secretary and decided in the same manner as any other claim. 38 U.S.C. § 5109A(e). To that end, the Board lacks jurisdiction over any theory of CUE that has not been adjudicated by the RO in the first instance. See Andre v. Principi, 301 F.3d 1354, 1361 (Fed. Cir. 2002); Jarrell v. Nicholson, 20 Vet. App. 326, 323-33 (2006). 

Because the RO adjudicated entitlement to revision of the November 2016 rating decision due to CUE, an issue the Veteran did not identify in his October 2020 supplemental claim, and failed to adjudicate the correct issue (i.e., whether revision of the June 2017 rating decision was warranted due to CUE) in the October 2020 rating decision on appeal, the RO erred in satisfying a statutory or regulatory duty. Indeed, it appears that the RO misconstrued or ignored the Veteran's contentions with respect to CUE, and correction of this error on remand has a reasonable possibility of aiding in substantiating his claim. See 38 C.F.R. § 20.802(a). As such, remand is necessary for the RO to adjudicate the proper issue (i.e., entitlement to revision of the June 2017 rating decision based on CUE) in the first instance. Id. 

Accordingly, this matter is REMANDED for the following action:

(Continued on the next page)

 

Adjudicate the issue of whether revision on the basis of CUE of the June 2017 rating decision denying entitlement to service connection for prostate cancer under 38 U.S.C. § 1151 is warranted.

 

 

M. Tenner

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E. Rademacher, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.