NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FREDERICK C. FERMIN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1869

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-6360, Judge Coral Wong Pietsch.

---

Decided:  September 23, 2021

---

FREDERICK C. FERMIN, San Antonio, TX, pro se.

MARGARET J. JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., TARA K. HOGAN; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Frederick Fermin, a veteran of the U.S. Army, appeals the decision of the United States Court of Appeals for Veterans Claims in *Fermin v. McDonough*, No. 20-6360, 2021 WL 969211 (Vet. App. Mar. 16, 2021). Mr. Fermin primarily argues that the Veterans Court erred by permitting the Secretary to file an untimely brief and that the 1949 decision reducing Mr. Fermin's disability rating from 100% to 70% contains clear and unmistakable error (CUE). We lack jurisdiction to consider these arguments because they involve factual determinations or application of law to fact.

I

Mr. Fermin served in the Army from March 1941 to September 1945 and from May 1946 to February 1947. In February 1947, Mr. Fermin was medically discharged from the Army for schizophrenia for which he received a 100% disability rating. Following a medical examination that indicated his condition had improved, that disability rating was reduced to 70% in March 1949.

Mr. Fermin was subsequently awarded a 100% disability rating, effective January 1981, for two new diagnoses, Post Traumatic Stress Disorder and bipolar disorder, that had previously been diagnosed as schizophrenia. In September 2004, the regional office denied Mr. Fermin an earlier effective date for these new diagnoses, and that decision became final when Mr. Fermin did not appeal.

Then in April 2018, Mr. Fermin filed a claim asserting CUE in the 1949 and 2004 RO decisions. The CUE claims were denied by the RO and the Board. On appeal, the Veterans Court held that several of Mr. Fermin's CUE allegations were raised for the first time and, therefore, the court lacked jurisdiction to consider them, while noting that

Mr. Fermin was not barred from properly raising them to the RO. The Veterans Court affirmed the Board's decision as to the CUE allegations that were properly raised. And it denied Mr. Fermin's request to reject the Secretary's brief as untimely filed.

## II

We have limited jurisdiction over appeals from the Veterans Court. We "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But we cannot review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

## III

To the extent that Mr. Fermin disputes the Veterans Court's determination that it lacked jurisdiction to hear Mr. Fermin's new CUE arguments (*i.e.*, the 1949 RO rating sheet's listing of "dementia praecox" rather than schizophrenia and the misdiagnosis of PTSD with bipolar disorder as schizophrenia), Appellant's Br. 4, he does not contend that the Veterans Court articulated an incorrect legal standard, nor could he because the Veterans Court properly cited the governing standard. *See Fermin*, 2021 WL 969211, at *4–5 (citing *Jarrell v. Nicholson,* 20 Vet. App. 326, 333 (2006) and *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002)). Rather, his arguments go to the Veterans Court's application of that standard, a question we lack jurisdiction to consider.

Likewise, Mr. Fermin's argument that the Secretary filed an untimely brief is also an application of law to fact that we cannot consider. And to the extent he attempts to reframe this issue (or other asserted regulatory or statutory violations) as a constitutional challenge, we have

repeatedly noted that an appellant cannot so evade our jurisdictional limitations. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[An appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

Finally, Mr. Fermin argues that the RO improperly reduced his 100% disability rating to 70% in its 1949 decision and improperly denied an earlier effective date in its 2004 decision. Appellant's Br. 4–5, 9. Specifically, Mr. Fermin asserts that the 1949 RO rating sheet is CUE because it incorrectly characterized Mr. Fermin's service as "no combat" and that the RO committed CUE in 2004 by failing to inform him of the effective date. *Id.* The Veterans Court affirmed the Board's decision on these CUE claims, stating that Mr. Fermin made no argument to the Veterans Court that the Board erred as to those claims. *Fermin*, 2021 WL 969211, at *4–5. Mr. Fermin has identified no legal error in that affirmance, and we accordingly dismiss.

## IV

Because we lack jurisdiction to consider the arguments raised on appeal, we dismiss.

## DISMISSED

No costs.