Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200207-61302
DATE: August 31, 2021

ORDER

Entitlement to an effective date of December 8, 1998, for the award of service connection for degenerative arthritis of the lumbar spine is granted.

Entitlement to an effective date prior to September 24, 2013, for the award of service connection for left heel spur is denied.

REMANDED

Entitlement to an initial compensable disability rating for the service-connected left heel spur is remanded.

Entitlement to an initial disability rating in excess of 20 percent for the service-connected degenerative arthritis of the lumbar spine is remanded.

FINDINGS OF FACT

1. The Veteran originally filed his claim for service connection for a low back condition on January 11, 1995, prior to his separation from service.

2. The Veteran's claim for a low back condition was originally denied in a July 1995 deferred rating decision; the Veteran did not appeal that decision or submit relevant evidence during the appeal period and that decision is final.

3. After the unappealed July 1995 deferred rating decision, the first communication evidencing an intent to reopen the claim for a low back condition was received on December 8, 1998.

4. A January 2002 rating decision denied service connection for a low back condition based on the fact that while the Veteran's service treatment records showed treatment for low back pain from 1977 to 1993, there was no evidence of any permanent residual or chronic disability following service. The Veteran was notified of the decision on February 6, 2002.

5. On February 19, 2002, the Veteran submitted a request for reconsideration of the January 2002 rating decision with respect to the low back claim and included new and material evidence in the form of post-service treatment records showing evidence of treatment for low back pain with a diagnosis of chronic back pain in August 2001; however, the RO failed to address the request.

6. As new and material evidence was submitted within one year from notification of the January 2002 rating decision along with the February 2002 request for reconsideration, the January 2002 rating decision did not become final and the December 8, 1998, request to reopen the claim for a low back condition remained open and pending.

7. The Veteran filed his original claim for service connection for left heel spur on December 8, 1998, and the RO denied the Veteran's claim for service connection for left heel spur in a November 1999 rating decision; the Veteran did not appeal that decision or submit relevant evidence during the appeal period and that decision is final. The Veteran was notified of the decision on December 1, 1999.

8. After the unappealed November 1999 rating decision, the first communication from the Veteran evidencing an intent to reopen was received by VA on January 29, 2002. 

9. No claim, formal or informal, to reopen service connection for left heel spur was received by VA during the period from December 1, 1999 to January 29, 2002.

10. A January 2002 rating decision was issued and while the rating decision itself did not address the Veteran's claim for service connection for left heel spur, the February 6, 2002, notification letter informed the Veteran that service connection for left heel spur was denied. 

11. The Veteran's February 19, 2002, request for reconsideration only addressed the issues of service connection for low back and shoulder conditions and did not pertain to his claim for left heel spur; as the Veteran did not appeal the February 2002 decision or submit relevant evidence during the appeal period, that decision is final.

12. After the unappealed January 2002 rating decision/February 2002 notification of the decision, the next communication from the Veteran evidencing an intent to reopen was the Veteran's supplemental claim requesting to reopen his claim for service connection for left heel spur received by VA on September 24, 2013.

13. The May 2017 rating decision granted service connection for left heel spur, effective from September 24, 2013.

14. No claim, formal or informal, to reopen service connection for left heel spur was received by VA during the period from February 6, 2002, to September 24, 2013.

CONCLUSIONS OF LAW

1. The criteria for an effective date of December 8, 1998, for the award of service connection for degenerative arthritis of the lumbar spine have been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.156(b), 3.400.

2. The criteria for an effective date prior to September 24, 2013, for the award of service connection for left heel spur have not been met. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law created a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. 

The Veteran served on active duty from December 1971 to September 1996. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2017 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran filed a timely Notice of Disagreement (NOD), and a Statement of the Case (SOC) was issued on January 23, 2020. The AMA allows for a veteran to opt-in by requesting review of a SOC or supplemental SOC (SSOC) issued on or after February 19, 2019, if it was received within one year of the date of the notification of the rating decision, or 60 days from the issuance of the SOC, whichever is later. On February 7, 2020, the Veteran submitted a timely VA Form 10182, Decision Review Request: Board Appeal (NOD), opting into the modernized review system from the January 2020 SOC and requesting direct review of the evidence considered by the Agency of Jurisdiction (AOJ) at the time of the January 23, 2020, SOC.

The Board notes that pursuant to his September 2017 NOD, the Veteran claimed there was a clear and unmistakable error (CUE) in the May 2017 rating decision. The Veteran argues that the agency of original jurisdiction (AOJ) committed CUE by failing to assign effective dates prior to September 24, 2013, for the awards of service connection for his lumbar spine and left heel spur conditions. 38 U.S.C. § 5109A(e) provides that a request for revision of a decision of the Secretary based on clear and unmistakable CUE shall be submitted to the Secretary and shall be decided in the same manner as any other claim. Thus, in order for the Board to have jurisdiction of the CUE claims, all the proper appellate steps must be taken. See Jarrell v. Nicholson, 20 Vet. App. 326 (2006); Hillyard v. Shinseki, 24 Vet. App. 343, 355 (2011) (finding that an assertion of CUE is a motion or a request, not a theory of entitlement that can be considered part of another claim). Here, the Agency of Original Jurisdiction (AOJ) first addressed the issue of entitlement to revision on the basis of CUE in the January 2020 SOC. 38 C.F.R. § 19.31 provides that in no case will a SSOC be used to announce decisions by the AOJ on issues not previously addressed in the Statement of the Case, or to respond to a notice of disagreement on newly appealed issues that were not addressed in the Statement of the Case. No rating decision has addressed the issue of entitlement to revision on the basis of CUE, and the Veteran has not submitted a NOD on this issue. Thus, the Board does not have jurisdiction to address the CUE issues in this decision. 

EFFECTIVE DATES

In general, the effective date of an award based on an original claim or a claim reopened after final adjudication of compensation shall be fixed in accordance with the facts found but shall not be earlier than the date of the receipt of the application. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. 

Generally, the effective date of an award of disability compensation based on an original claim shall be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. However, if the claim is received within one year after separation from service, the effective date of an award of disability compensation shall be the day following separation from active service. 38 U.S.C. § 5110(b)(1); 38 C.F.R. § 3.400(b)(2)(i). 

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA's adjudication regulations be filed on a standard form. The amendments implement the concept of an intent to file a claim for benefits, which operates similarly to the informal claim process, but requires that the submission establishing a claimant's effective date of benefits must be received in one of three specified formats. The amendments also eliminate the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims to reopen under 38 C.F.R. § 3.157. See 79 Fed. Reg. 57,660 (Sept. 25, 2014) (now codified at 38 C.F.R. §§ 3.1 (p), 3.151, 3.155). The amendments apply only to claims filed on or after March 24, 2015. Because the Veteran's claim was received by VA prior to that date, the former regulations apply, as provided below.

"Claim" is defined broadly to include a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p); Brannon v. West, 12 Vet. App. 32, 34-5 (1998); Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). Any communication or action, indicating an intent to apply for one or more benefits under laws administered by the VA from a claimant may be considered an informal claim. Such an informal claim must identify the benefits sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. 38 C.F.R. § 3.155(a). To determine when a claim was received, the Board must review all communications in the claims file that may be construed as an application or claim. See Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992).

A pending claim is an application, formal or informal, which has not been finally adjudicated. 38 C.F.R. § 3.160(c). The pending claims doctrine provides that a claim remains pending in the adjudication process if VA fails to act on it. Norris v. West, 12 Vet. App. 413, 422 (1999). Raising a pending claim theory in connection with a challenge to the effective-date decision is procedurally proper. Ingram v. Nicholson, 21 Vet. App. 232, 249, 255 (2007).

A pending claim is addressed when a subsequent claim for the same disability is explicitly adjudicated. Myers v. Principi, 16 Vet. App. 228, 229 (2002). If there is no final denial of the original claim prior to the granting of a subsequent "claim," then as part of the appeal of the effective date of the grant, the claimant can raise the fact that he or she filed the original claim for the disability on a date earlier than that of the claim that was subsequently granted. Ingram, 21 Vet. App. at 243. If a claim is left pending, it can be addressed when a subsequent "claim" is processed. Id. at 240-41.

By way of procedural history, on January 11, 1995, VA received the Veteran's original claim for service connection for lower back pain and periodontal disease. On April 7, 1995, VA informed the Veteran that they received his claim, requested copies of his DD Form 214 and notified him that the information must be received within one year from the date of the letter. A July 1995 deferred rating denied the Veteran's claims for low back pain and periodontal disease because the Veteran was still on active duty. The Veteran was notified of the decision by a July 19, 1995, letter which also informed him to submit his DD Form 214 once he was released from active duty in order for VA to reconsider his claim. The Veteran was released from active duty on September 30, 1996. On October 11, 1996, VA received the Veteran's service treatment records. 

On December 8, 1998, the Veteran submitted a letter referencing his claim he placed approximately two and a half years ago and stated he recently learned that VA had not received his retirement certificate. He stated he had enclosed such in hopes that his claim may be processed. He also requested to open a claim for service connection for heel spurs that he found out about after his claim was submitted and included medical records pertaining to heel spurs. A March 11, 1999, deferred rating noted to request continuity of treatment for the claimed condition(s) from release from active duty to date and what conditions the Veteran is claiming. A March 18, 1999, letter requested the Veteran to provide medical records for treatment he is receiving for his claimed disability and asked him to clarify what type of disabilities he was claiming. The letter also informed the Veteran that he must submit the information within one year from the date of the letter in order to be considered by VA. 

A June 15, 1999, letter to the Veteran notified him that because VA had not received the information requested in the March 18, 1999, letter, his claim must be denied. The letter also notified the Veteran that if VA receives the evidence by March 18, 2000, they can continue processing his claim; however, evidence received after March 18, 2000, will be considered a new claim. Per a July 27, 1999, letter, the Veteran stated that since his discharge, the only additional item for which he was making a claim for is bilateral heel spurs and noted that all injuries he previously claimed are still in effect and all documentation was provided to VA when he made his original claim. He then went on to describe the symptomology associated with his heel spurs and back. The Veteran underwent VA feet examination on October 26, 1999, and the examiner diagnosed bilateral calcaneal spurs. 

A November 1999 rating decision granted service connection for heel spur of the right foot but denied service connection for left heel spur based on the lack of evidence of treatment for left heel spur during service as well as the lack of a nexus to service. The Veteran was notified of the decision in a December 1, 1999, letter. Per a January 2002 report of contact, the Veteran asked about his original claim, indicating that all conditions were not addressed with his award. He stated he sent VA a binder with tabs and table of contents with all conditions highlighted. The Team 2 Coach noted that in looking at the service medical records, he saw that this was included and informed the Veteran that he would review what VA had and if possible, reopen his claim and let him know. A January 2002 rating decision increased the evaluation of the right heel spur and awarded service connection for tinnitus. The January 2002 rating decision also denied service connection for several disabilities, to include a low back condition. While not referenced on the January 2002 rating decision, the February 6, 2002, letter to the Veteran notifying him of the decision included the denial of service connection for both the low back condition and left heel spurs. 

On February 19, 2002, VA received a letter from the Veteran requesting reconsideration of the January 2002 rating decision/February 2002 notification of rating decision regarding the denial of service connection for a shoulder condition and lower back condition. Thereafter, on September 24, 2013, the Veteran submitted VA Form 21-526b Veteran's Supplemental Claim for Compensation and requested to reopen his claim for service connection for a low back condition and left heel spur. An October 2014 rating decision denied reopening the claims for service connection for a low back condition and the left heel spur because the evidence submitted was not new and material as the Veteran did not submit any evidence in support of his claims. The Veteran was informed that in order to reopen his claim, he would need to submit medical evidence of current back and left heel spur conditions that are associated with his service. He was notified of the decision on October 30, 2014. He submitted a timely NOD as to the issues of service connection for the low back and left heel spur conditions along with medical evidence. Thereafter, the May 2017 rating decision granted service connection for degenerative arthritis of the lumbar spine and a 20 percent disability rating was assigned, effective from September 24, 2013 (the date VA received the Veteran's supplemental claim to reopen). In addition, the May 2017 rating decision granted service connection for left heel spur and a noncompensable disability rating was assigned, effective from September 24, 2013 (the date VA received the Veteran's supplemental claim to reopen). 

1. Entitlement to an effective date of December 8, 1998, for the award of service connection for degenerative arthritis of the lumbar spine is granted.

In this case, the Veteran contends that his service-connected lumbar spine disability should be effective from October 1, 1996, the day following his separation from service, or alternatively, from December 8, 1998, the date he filed his request to reopen.

As discussed above, a July 1995 deferred rating decision denied the Veteran's claim for low back pain because the Veteran was still on active duty. The Veteran was notified of the decision by a July 19, 1995, letter which also informed him to submit his DD Form 214 once he was released from active duty in order for VA to reconsider his claim. The Veteran was notified of the decision and of his appellate rights. However, he did not file a notice of disagreement or submit new and material evidence within one year of receiving notice of the decision. Therefore, the July 1995 rating decision became final. 38 C.F.R. §§ 3.104, 20.302, 20.1103. 

Thereafter, the Veteran filed his informal claim to reopen his lumbar spine condition on December 8, 1998. A January 2002 rating decision denied the claim for service connection for a low back condition based on the fact that while the Veteran's service treatment records showed treatment for low back pain from 1977 to 1993, there was no evidence of any permanent residual or chronic disability following service. The Veteran was notified of the decision on February 6, 2002.

Per a February 19, 2002, letter, the Veteran requested reconsideration of the January 2002 rating decision which denied the claim for a low back condition. He also included treatment records dated January, February and August 2001 showing complaints of low back pain with an assessment of chronic back pain in August 2001. The Veteran's February 2002 statement constituted new and material evidence received within a year of the January 2002 rating decision, and therefore, is considered as having been filed with the prior claim and required a determination directly responsive to the new submission. See 38 C.F.R. § 3.156(b). However, the RO failed to address the Veteran's February 19, 2002, letter and newly submitted evidence. Because a decision was not made, the December 8, 1998, claim remained open and pending. See Beraud v. McDonald, 766 F.3d 1402, 1407 (2014).

Given the foregoing, the RO should have readjudicated the claim subsequent to the January 2002 rating decision but did not. Therefore, the rating decision did not become final, and the December 1998 request to re-open the claim of entitlement to service-connection for a low back condition remained pending. As noted, when a claim is reopened, the effective date cannot be earlier than the date of the claim to reopen. Juarez v. Peake, 21 Vet. App. 537, 539-40 (2008) (citing Bingham v. Nicholson, 421 F.3d 1346 (Fed. Cir. 2005); Leonard v. Nicholson, 405 F.3d 1333, 1337 (Fed. Cir. 2005); Flash v. Brown, 8 Vet. App. 332, 340 (1995)). Therefore, because the RO received the Veteran's statement indicating his intent to reopen his low back claim on December 8, 1998, coupled with the submission of new and material evidence within one year of the January 2002 rating decision, the Board finds that an earlier effective date of December 8, 1998, is warranted for the grant of entitlement to service connection for degenerative arthritis of the lumbar spine.

2. Entitlement to an effective date prior to September 24, 2013, for the award of service connection for left heel spur is denied.

In this case, the Veteran contends that his service-connected left heel spur should be effective from October 1, 1996, the day following his separation from service, or alternatively, from December 8, 1998, the date he filed his informal claim.

The Veteran first filed his claim for service connection for left heel spur in December 1998. At that time, he stated that he was claiming such disability and found out about having left heel spurs after he submitted his original 1995 claim. Review of the record reflects that no claim, formal or informal, to open a claim for service connection for a left heel spur was received by VA within one year after the Veteran's separation from service. Thus, an effective date of October 1, 1996, is not warranted.

Thereafter, the Veteran's original December 1998 claim for left heel spur was denied in the November 1999 rating decision. The Veteran was notified of the decision and of his appellate rights in a December 1, 1999, letter. However, he did not file a notice of disagreement or submit new and material evidence within one year of receiving notice of the decision. Therefore, the November 1999 rating decision became final. 38 C.F.R. §§ 3.104, 20.302, 20.1103. 

In January 2002, after being informed by the Veteran that all of his claims were not addressed in the November 1999 rating decision, a January 2002 rating decision was issued. The January 2002 rating decision itself did not address the Veteran's claim for service connection for left heel spur. However, the February 6, 2002 notification letter informed the Veteran that service connection for left heel spur was denied and also informed him of his appellate rights. The Veteran then submitted a request for reconsideration on February 19, 2002, however, the request for reconsideration only addressed the issues of service connection for low back and shoulder conditions. He did not make any mention of left heel spurs nor did the medical records he submitted in conjunction with the request for reconsideration. Thus, the Board cannot construe the February 19, 2002, request for reconsideration of the January 2002 rating decision as pertaining to the claim for left heel spur. 38 C.F.R. § 3.1(p). In addition, as the Veteran did not file a notice of disagreement or submit new and material evidence within one year of receiving the February 6, 2002, notice of the decision, the January 2002 rating decision/February 2002 notification of rating decision became final. 38 C.F.R. §§ 3.104, 20.302, 20.1103. 

The next communication regarding the Veteran's left heel spur was his September 24, 2013, supplemental claim where he requested to reopen the claim for service connection for left heel spur. Although the RO denied reopening the claim in an October 2014 rating decision, the claim for service connection was originally granted pursuant to the May 2017 rating decision, effective from September 24, 2013.

During the course of this appeal, the Veteran has essentially argued that service connection for left heel spur should be granted back to October 1, 1996, (the date following his separation of service) or, alternatively, to December 8, 1998, based upon the RO's failure to address his February 2002 request for reconsideration. However, for reasons discussed above, review of the record reflects that no claim, formal or informal, to reopen service connection for a left heel spur was received by VA from the February 6, 2002, notification of the denial of service connection for left heel spur until September 24, 2013 (the date VA received the supplemental claim to reopen).

The pertinent legal authority governing effective dates for reopened claims is clear and specific, and the Board is bound by such authority. While entitlement to service connection may have arisen earlier, the date entitlement arose does not decide the effective date in this reopening case; the later date of the claim to reopen controls the effective date. The controlling regulation clearly and specifically provides that the effective date shall be the date of receipt of the appellant's claim to reopen or the date on which entitlement arose, whichever is later. 38 C.F.R. § 3.400(q),(r).

On these facts, the earliest effective date legally possible has been assigned under 38 C.F.R. § 3.400, the date of claim to reopen service connection based on new and material evidence. 38 C.F.R. § 3.400 (q),(r). As an effective date for service connection earlier than September 24, 2013 (date of receipt of supplemental claim to reopen service connection) is not provided by law or regulation, the appeal for an earlier effective date as to the issue of service connection for lumbar strain is without legal merit and must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (where the law is dispositive, the claim must be denied due to a lack of legal merit). For these reasons, an effective date prior to September 24, 2013, for the award of service connection for left heel spur is not warranted as a matter of law. 

REASONS FOR REMAND

1. Entitlement to an initial compensable disability rating for the service-connected left heel spur is remanded.

2. Entitlement to an initial disability rating in excess of 20 percent for the service-connected degenerative arthritis of the lumbar spine is remanded.

The Veteran contends his left heel spur and degenerative arthritis of the lumbar spine should be rated higher than currently assigned. He last underwent VA foot conditions examination in February 2017. During the February 2017 VA foot conditions examination, the examiner reported there was no pain to the left foot upon physical examination. However, on his June 2017 NOD, the Veteran reported that the February 2017 examination was not an accurate portrayal of the extent of his left heel spur. He stated that he had pain in his left foot so severe that he could not walk, had to get cortisone injections in order to be able to stand on his foot and this issue was continuous from his retirement until he lost feeling in both feet. In light of the above, it appears that the findings on the February 2017 VA examination may not reflect the current status of the left heel spur condition. Under such circumstances, a failure to arrange for a contemporaneous examination to assess the disability constituted a pre-decisional duty to assist omission. 

The Veteran last underwent VA lumbar spine examination in April 2017. Thereafter, he submitted a statement in May 2017 that he had been bedridden for over eight weeks due to his lumbar spine and claimed that he has continual problems with both his lumbar spine and left heel spurs continually throughout the years by their limiting of his mobility. In light of the above, it appears that the findings on the February 2017 VA examination may not reflect the current status of the lumbar spine condition. Under such circumstances, a failure to arrange for a contemporaneous examination to assess the disability constituted a pre-decisional duty to assist omission. 

Accordingly, the Board finds it necessary to remand this matter for the Veteran to undergo VA foot conditions examination and VA lumbar spine examination to ascertain the current severity of his service-connected left heel spur and degenerative arthritis of the lumbar spine.

The matters are REMANDED for the following actions:

1. Schedule the Veteran for a VA foot conditions examination to determine the current severity of the service-connected left heel spur. The claims file should be reviewed by the examiner. All necessary tests should be performed, and the results reported. All symptomatology associated with the left heel should be reported.

2. Schedule the Veteran for a VA lumbar spine examination to determine the current severity of the service-connected degenerative arthritis of the lumbar spine. The claims file should be reviewed by the examiner. All necessary tests should be performed, and the results reported. All symptomatology associated with the lumbar spine should be reported.

 

Jenna Brant

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Medina

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.